WILLIAM HOWARD

*v.*

L. D. BENNETT *et al.*

1. BURDEN OF PROOF—*as to payment of a judgment.* It is a well estab-lished principle that a party affirming a fact is bound to furnish proof of the existence of that fact; hence a defendant in a judgment, who affirms that it has been paid, is bound to show it by a preponderance of evidence.

2. EXECUTION—*not satisfied by levy on personal property which is after-wards returned to the debtor and appropriated by him.* If property is levied upon, and afterwards comes back into the hands of the debtor in the execu-tion under which the levy is made, and is by him sold, and the proceeds appropriated to his own use, the execution is not thereby satisfied.

3. If a sheriff, having an execution, actually levies on personal property, and takes possession thereof, and then, without authority, returns it to the debtor, such action, though it might render the sheriff and his sureties on his bond liable, can in no degree affect the rights of the plaintiff in the execution, nor prohibit him from thereafter suing out another execution.

4. COSTS—*on dissolution of injunction.* It is discretionary with the court to decree all the costs against the complainant, on the dissolution of an injunction in part, and making it perpetual as to part of the subject matter, and where the complainant has attempted to enjoin the collection of several judgments on the ground of payment, some of which he knew he had never paid, the discretion will be properly exercised in decreeing all the costs against him.

APPEAL from the Circuit Court of Wayne county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. T. S. CASEY, and Mr. C. H. PATTON, for the appellant.

Messrs. ROBINSON & BOGGS, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the Wayne circuit court, exhibited by William Howard, against L. D. Bennett, the sheriff, and the administrators of James M. Crawford, deceased, to enjoin proceedings under an execution in the hands of the sheriff, issued on certain judgments obtained by the intestate, in his lifetime, and against the complainant.

It appears, by the pleadings, that James M. Crawford, in his lifetime, obtained several judgments, in the Wayne circuit court, against complainant Howard, one at May term, 1860, for two hundred and ninety-eight dollars ninety-eight cents, and costs, and at the September term, 1860, a judgment for three hundred and eleven dollars twenty-nine cents, and costs, and at the May term, 1861, of the same court, another judgment, for the sum of three hundred and sixteen dollars forty-four cents, and costs. Crawford died intestate in August, 1862, and C. M. Welch and M. C. Castlebury were appointed his administrators, who caused executions to be issued on these judgments, in their names as administrators, on the 31st day of December, 1869, which were delivered to the defendant Bennett, sheriff of Wayne county, to be executed.

The purpose of the bill was to enjoin proceedings on these executions, on the allegation that the judgments were paid by complainant, he alleging that, soon after the judgments were obtained, executions were issued, which were placed in the hands of one H. A. Organ, the sheriff of Wayne county; that complainant paid the executions part in money, and previously paid part of the amount due on the judgments, to Crawford, in his lifetime, and, after his death, paid to the attorney of the administrators the balance due.

The defendants fully answered all the allegations of the bill, denying payment as alleged, and a general replication was filed, and testimony taken and the cause heard on bill, answers, replication and proofs.

The court found, by its decree, that the judgment recovered at the May term, 1861, for three hundred and sixteen dollars ninety-four cents, had been fully paid and satisfied, and that the judgments recovered at the April and September terms, 1860, were still due and unpaid. The injunction was made perpetual as to the first named judgment, and dissolved as to the two last named, and damages awarded on the dissolution of the injunction to the amount of fifty-four dollars.

To reverse this decree the complainant appeals, and assigns several errors, the most important of which is, that the decree

is contrary to the evidence and against equity, and in adjudg-
ing all the costs against complainant.

It is a well established principle that a party affirming a fact
is bound to furnish proof of the existence of the fact. In this
case, therefore, complainant, affirming the fact of payment of
these several judgments, is bound to show it by a preponder-
ance of evidence. In searching this record, we fail to find a
preponderance of evidence in favor of the fact affirmed, or,
indeed, any satisfactory evidence thereof.

The principal circumstance invoked by appellant in aid of
his allegation of payment is, the arrangement he made with
sheriff Organ when he had the executions in his hands, issued
on the judgments of May and September terms, 1860.

It is said by appellant that the sheriff had levied these exe-
cutions upon property of appellant sufficient to satisfy them,
at which time complainant paid off the executions, and the
property levied on was returned to him by the sheriff. We do
not find any evidence in the record going to this extent, save
the testimony of complainant himself, which is greatly weak-
ened, if not entirely destroyed, by the testimony of Childers,
a disinterested witness, who was present at the time and had
every opportunity of knowing what was said and done by and
between the complainant and the sheriff, and by subsequent
circumstances. The conclusion seems irresistible that, by some
management, complainant induced the sheriff to give up to
him the goods and property on which it is said a levy had
been made, on his promise to account to the sheriff for the
proceeds of their sale. This property, if levied upon by the
sheriff, of which there is no sufficient proof, came back into
the possession of the execution debtor, and was by him sold at
auction, he himself appropriating all the proceeds. It surely
can not be seriously contended that this transaction operated
as a satisfaction of these executions. Had the sheriff actually
levied, by taking such possession of the property, as, without
the writ, he would have been a trespasser, and, without au-
thority, released it to the debtor, though such conduct might
have rendered the sheriff and his sureties on his bond liable,

it affected in no degree the rights of the plaintiff in the execution, nor prohibited him from suing out thereafter an execution, and obtaining satisfaction by its operation.

The statement of complainant that he paid these executions, and saw the sheriff indorse satisfaction on them, is, as we have said, much weakened, if not destroyed, by the testimony of Childers, and by subsequent facts which transpired at Mr. Casey's office, when the parties were present arranging for a settlement. At this time, complainant did not pretend these executions were paid, and made no question of the accuracy of the statement made by Mr. Casey to him, and to Castlebury, one of the administrators, that complainant would owe the estate between eight hundred and eleven hundred dollars, the discrepancy arising out of the notes left with Mr. Pollock and the cost bills in the Allen case, for which complainant was to have a credit, but to what amount was not then ascertained. It is incredible, if complainant had actually paid these judgments long anterior to this meeting, that he should not then and there have insisted upon it, and disclaimed any indebtedness, the more especially as this meeting was for the purpose of ascertaining the balance due on the three judgments.

If complainant had paid these executions, and satisfaction indorsed thereon by the sheriff, how easy would it have been for him to have substantiated it by producing the executions, or duly authenticated copies, they being files of the court, and as much in the power of the complainant as of the opposite party. As he held the affirmative, it was his duty to have produced them, or certified copies. Appellant could have produced them; as he did not, the inference is, there are no such executions, or if such, their production would establish the case against him. We are not satisfied such executions were ever in the hands of the officer, or that any levy was made under them, but we are well satisfied the evidence greatly preponderates in favor of appellees' claim that these judgments have not been paid.

A point is made that the circuit court decreed all the costs against the appellant. This was discretionary with the court,

and exercised properly, as the record shows an attempt to enjoin the collection of judgments, two of which complainant well knew had never been paid.

We perceive no error in the decree of the circuit court, and therefore affirm the same.

*Decree affirmed.*