Joseph Minsky, Defendant in Error, v. David Steinberg, Plaintiff in Error.

### Gen. No. 15,655.

1. APPEALS AND ERRORS—*how record cannot be impeached.* Affidavits will not be considered which tend to impeach the transcript of the record filed on review.

2. BAILMENTS—*what essential to recover of bailee.* To recover dam-

ages from a bailee for the negligently keeping of a bailment, its condition at the time of delivery should be shown.

Error to the Municipal Court of Chicago; the Hon. Robert H. Scott, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed June 19, 1911.

Roman G. Lewis, for plaintiff in error.

A. J. Bedard and Samuel Spitzer, for defendant in error.

Mr. Justice Smith delivered the opinion of the court.

The defendant in error, hereinafter called plaintiff, brought suit against the plaintiff in error, hereinafter called defendant, for damages to a two seated buggy. The plaintiff testified that he kept a livery stable and rented to the defendant the buggy; that two or three hours thereafter he was informed by the defendant the buggy had broken down; that he received the buggy in a damaged condition, put it in the barn and never had it repaired; that its value when purchased was $140; also that the defendant promised to make good the damage done. The defendant denied that he had rented the buggy, and said the buggy wheel broke without any apparent cause when crossing a street. The court, to whom the cause was submitted without a jury, found for the plaintiff and entered judgment against the defendant for $100.

A motion by the plaintiff to strike what is termed the bill of exceptions from the record was reserved to the hearing. Affidavits were filed in support and also in opposition to said motion. Affidavits cannot be received to impeach the record.

In West Chicago St. R. R. Co. v. Morrison, etc., 160 Ill. 288, the court holds the record imports absolute verity, and cites many authorities. Under the well established rule there announced the motion to strike the bill of exceptions from the record is denied.

The judgment must be reversed because there is no proof in the record of the damages. We have recited all the testimony on that question, and from that evidence it is not pos- '

sible to determine the damages. Neither is the defendant presumed to have been negligent, for there was no evidence that at the time the buggy was delivered to him it was in good condition. Cumins v. Wood, 44 Ill. 416; Funkhouser v. Wagner, 62 Ill. 59; Hudson v. Bradford, 91 Ill. App. 218; Brewster v. Weir, 93 Ill. App. 588.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*