William H. Weber and Elsie Merckle, Trustees of the Estate of Henry Merckle, Deceased, Defendants in Error, v. American Posting Service, Plaintiff in Error.

## Gen. No. 21,591.

1. APPEAL AND ERROR, § 1712*—*when errors waived.* Errors assigned but not argued are waived.

2. EVIDENCE, § 48*—*when burden of proof on defendant to establish affirmative defense.* Where defendant pleads an affirmative defense, he has the burden of maintaining such defense by a preponderance of the evidence.

3. CONTRACTS, § 289*—*how contract may be terminated.* A written contract which by its terms is to operate until terminated by one of the parties in a manner provided for in the contract cannot be terminated by the verbal agreement of the representatives of the parties, or in any manner other than that provided in the contract.

4. CONTRACTS, § 289*—*when parties bound by terms.* A written contract binds the parties thereto as to all its provisions, including the manner therein specified' as that in which the term of the contract might be terminated.

5. CONTRACTS, § 377*—*when evidence of notice of termination admissible.* In an action to recover rent under a "billboard contract," providing that the obligation of the contract might be

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

terminated by either party on giving thirty days' notice, evidence that plaintiff gave such notice is competent to show that the contract had been terminated in order to fix the time for which defendant was liable for rent in the action, being evidence in limitation of such liability.

6. CONTRACTS, § 220*—*how agreement not to rent land to another for specified period construed.* An agreement not to rent land to a third party for billboard purposes for one year is to be interpreted as being limited to the time during which the contract is in force, since after the contract was terminated, it wholly lacked vitality and was in no part binding on the parties.

7. CONTRACTS, § 220*—*when immaterial that terms of terminated contract violated.* In an action to recover rent due under a "billboard contract," the obligation of which had been terminated in a manner provided by the contract prior to bringing the action, the rights of the parties must be adjudged under the contract as it existed at the time it was terminated, and it is therefore immaterial that after such contract was terminated plaintiff rented land to a third person for billboard purposes in violation of the terms of the contract.

Error to the Municipal Court of Chicago; the Hon. GEORGE J. COWING, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed January 17, 1916. Rehearing denied January 31, 1916.

CHYTRAUS, HEALY & FROST and JOHN PETER BARNES, for plaintiff in error.

LEE J. FRANK and MARY LEE COLBERT, for defendants in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Plaintiffs recovered a judgment for $350 against defendant in the Municipal Court on the verdict of a jury, and defendant has sued out this writ of error and asks a reversal of that judgment. The contract is what is colloquially known as a "billboard contract," plaintiffs being the owners of the land on which defendant was granted license and permission to erect

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

502 Appellate Courts of Illinois.

Weber et al. v. American Posting Service, 197 Ill. App. 500.

and maintain billboards. The contract is in two parts and both parts are dated August 1, 1913. ' By the terms of the contract defendant was to pay $50 per month in advance on the first day of each calendar month, beginning August 1, 1913, and the contract was terminable by either party giving to the other a thirty-day notice on the first day of any month.

˗ The second part of the agreement provided that if plaintiffs should take advantage of the thirty-day clause within the first four months, viz., before the first of December, 1913, plaintiffs were willing to refund defendant whatever sum it may have paid on the contract. It was further stipulated that plaintiffs would not grant to anyone else for one year from August 1, 1913, the billboard advertising privilege.

Defendant on August 18, 1913, tendered plaintiffs a check for $50, which check recited on its face that it was for rental from August 15, 1913 to September 15, 1913—this upon the contention of defendant that August 15th was the earliest time after the receipt of the contract that he could procure a permit from the building department of the City of Chicago to erect billboards. This check was accompanied by a voucher, both of which were returned to defendant. Afterwards one Robertson, representing the defendant, called upon Pfeiffer, representative of plaintiffs, with the check and voucher and offered the same to Pfeiffer, which he refused to accept. Defendant contends that at that interview the contract was canceled by the instruction of Pfeiffer and the agreement of Robertson.

Defendant paid no rent, nor tendered any, after the tender of the $50 check above mentioned. Thereupon, on February 1, 1914, plaintiffs gave thirty days' notice of the termination of the lease, and thereafter commenced this suit for seven months' rent, being from August 1, 1913 to March 1, 1914. On May 21, 1914, plaintiffs leased the premises in question to a third party for billboard purposes. Defendant claims

that it did not receive the leasing contract until about August 12, 1913. Simmons, the witness on this point, admits that he left for his vacation on August 1st, and did not return until August 12th, when he opened his mail and found the leasing contract in it and stamped it with the receiving stamp as of that date; that this is all he knows as to the time when the contract was sent to defendant, and he admits that his only means of knowledge is the receiving stamp.

Defendant assigns as error and argues that the contract was canceled, that the thirty-day notice terminating the contract should not have been admitted in evidence, that the judgment is against the weight of the evidence and that the leasing within the year of the premises to a third party for billboard purposes was contrary to the covenant in the contract and defeated plaintiffs' right to recover rent.

While errors are assigned upon the instructions of the court to the jury, they are not argued, and therefore such errors are waived. The defense interposed by defendant being an affirmative defense, the law cast upon it the burden of maintaining such defense by a preponderance of the evidence. This it failed to do.

The contract is dated August 1, 1913. Defendant promised to pay monthly rental for the premises in that contract leased, commencing with the date of the contract. There is no evidence that the contract was not delivered upon the day of its date or that defendant was prevented from taking possession of the premises on the date which it had a right to do under the contract.

The contract could not be terminated except in the manner provided for by its terms. The conversation between Robertson and Pfeiffer, if it occurred, would not work such termination. The terms of the contract, it being in writing, bound the parties as to all its provisions, including the manner in which the term granted by it might be terminated. Either party to the

contract had the right under its terms to terminate it by giving to the other party thirty days' notice. The privilege so to do was the right of both parties. The receiving in evidence, therefore, of the notice terminating the contract was not error. It was necessary to show that the contract had been terminated in order to fix the time for which the defendant was liable to pay rent. It was evidence in limitation of the liability of defendant.

After the termination of the contract by plaintiffs and on May 21, 1914, a lease was granted to a third party for billboard purposes, and it is contended that this was a violation of the condition in the contract that "the privilege of billboard advertising will not be granted anybody else for one year from date, August 1, 1913," and that such violation extinguished plaintiffs' right to recover rent.

The agreement not to rent to a third party for billboard purposes for one year is, by interpretation, limited to the time during which the contract was in force. After the contract was ended, all of its provisions lacked vitality and were no longer binding upon the parties. Plaintiffs terminated the contract in the manner provided by its terms and it ended more than two months prior to the time the property was again leased. The rights of the parties must be adjudged under the contract as it existed at the time it was terminated.

We find no error in procedure. The trial was fair, the defendant was accorded all of its rights in such trial under the law, and the judgment of the Municipal Court is therefore affirmed.

*Affirmed.*