Mrs. J. Wolf, Appellee, v. Vartan V. Pedian, Appellant.

Gen. No. 32,989.

Heard in the second division of this court for the first district at the October term, 1928. Opinion filed February 14, 1929.

TOWNLEY, WILD, CAMPBELL & CLARK, for appellant; CHARLES V. CLARK and FREDERICK D. CARROLL, of counsel.

IRVING G. ZAZOVE, for appellee.

MR JUSTICE BARNES delivered the opinion of the court.

This is an appeal from a judgment for $1,200 in a suit in assumpsit begun by attachment. The jury returned a verdict for plaintiff on both the attachment issue and the merits.

The grounds for the attachment as set forth in the affidavit are those designated as fourth, fifth and eighth in section 1 of the Attachment Act, Cahill's St. ch. 11, ¶ 1.

The declaration contains three counts. The first is predicated on an agreement to sell a certain rug upon a commission basis and its conversion; the second, on an agreement to insure the rug and failure, neglect and refusal so to do; and the third, on an agreement to

sell said rug and insure the plaintiff against any loss that might be sustained to said rug while in defendant's possession. Direct issue was taken upon the charges in the affidavit of attachment by a plea in abatement and those in the declaration by a plea of nonassumpsit and a special plea setting up defendant's version of the agreement and denying plaintiff's version thereof and facts on which it was based.

It is first urged that there was error in giving instruction No. 3, which reads as follows:

"The Court instructs the jury as a matter of law that the proof of the delivery of the rug to the defendant for the purpose of selling the same, and the failure on the part of the defendant to return said rug on the value thereof, makes out a *prima facie* case for the plaintiff, and the burden, under such circumstances, shifts to the defendants to prove, by a preponderance of the evidence, that the loss of the rug was not due to the want of the exercise of ordinary care on the part of the defendant."

It is true that when a bailor has shown a receipt of goods by the bailee and a failure to return the same on demand, he has made out prima facie negligence against the bailee and the bailee must show that the loss or damage was caused without his fault. But the effect of such rule is not to shift the burden of proof from plaintiff to defendant but simply the burden of proceeding. (*Miles v. International Hotel Co.*, 289 Ill. 320, 328.) But where the bailee introduces evidence tending to explain the loss of the property without negligence on his part, as was done in this case, the law will not presume negligence and the burden of proving the same still rests upon the bailor. In such state of the record no instruction should be given as to what constitutes a prima facie case or as to its effect. (*Grosh v. Acom,* 325 Ill. 474, 494; *Beard v. Haskell Park Building Corp.*, 248 Ill. App. 467.) The giving of

such instruction constituted reversible error, as has been frequently held. (*Beard v. Haskell Park Building Corp., supra; Rhodes v. Warsawsky,* 242 Ill. App. 101; *Koczora v. Standard Safe Deposit Co.,* 221 Ill. App. 43, 49.)

The judgment, therefore, must be reversed and the cause remanded regardless of other questions argued for reversal, as the instruction bears upon the consideration of evidence by the jury on both the attachment issue and the merits of the case.

But were a reversal of such instruction not necessary we would be disposed to agree with appellant that both the general verdict and the findings of the jury on the attachment issue are against the weight of the evidence bearing on each. Appellant, however, contends that the weight of evidence as to the attachment issue is not preserved for our consideration. Among the grounds specifically set forth in the motion for a new trial was that there was no evidence to support the verdict on the attachment issue, and that the verdict thereon was contrary to the law and the evidence in the case. These claims of error went directly to the specific adverse findings of the jury on that issue and were raised in a proper way. It was expressly said in *Illinois Steel Co. v. Mann,* 197 Ill. 186, 189, that "A party is no more bound by special findings of a jury than by a general verdict, and if he believes that the jury have erred he is entitled to his motion for a new trial *on that ground,* and may take his appeal." True, as said in *Brimie v. Belden Mfg. Co.,* 287 Ill. 11, 15, a defendant is conclusively bound by a special finding of fact unless error has been assigned thereon and the question has also been raised on a motion for a new trial, citing several cases. But because the court proceeded to say, "No motion was made by plaintiff in error to set aside this special finding of fact in the trial court nor was any error assigned thereon," appellee argues in effect that

a motion to set aside the special finding is indispensable to an assignment of error thereon. We do not so interpret the court's expression. It would be in direct conflict with what was said in the *Mann* case, *supra,* above referred to, and the other cases cited in the opinion. On the other hand, it is clearly implied, if not expressly held, in said cases that the sufficiency of evidence to support a special finding may be raised, as specifically done here, on a motion for a new trial. (*Avery v. Moore,* 133 Ill. 74, 77; *Pennsylvania Coal Co. v. Kelly,* 156 Ill. 9, 15; *Empire Laundry Machinery Co. v. Brady,* 164 Ill. 58, 61; *Voigt v. Anglo-American Provision Co.,* 202 Ill. 462, 466.) In the last cited case it was because the special findings were *not* mentioned as ground for a new trial that the court said they could not be assigned as error. True, as held in some of the cited cases, an objection that the verdict is against the weight of the evidence applies only to the general verdict and not to the special findings. But here the objections on the ground recited in the motion for a new trial were made not only to the general verdict but to the special findings; and we entertain no doubt that they are sufficient upon which to predicate the assignment of error that the special findings were against the weight of the evidence on the attachment issue.

While the latitude given to the cross-examination by plaintiff's counsel was calculated to inject prejudicial matters into the case not substantiated by any direct proof, we need discuss no other errors than those already considered, which require a new trial.

*Reversed and remanded.*

GRIDLEY, P. J., and SCANLAN, J., concur.