Roy E. Frazier, Sr., and C. S. Wooters, Appellees, v. George Allison, Appellant.

254

JOHNSON & JOHNSON, of Belleville, for appellant.

HALL & FRAZIER, of Centralia, for appellees.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This is an action in replevin, brought by Frazier and Wooters, appellees (hereinafter designated as plaintiffs), against George Allison, appellant (hereinafter designated as defendant) to recover possession of a McCormick-Deering tractor. The plaintiffs are retail farm implement dealers in Centralia, and defendant is a farmer, living near Centralia.

The case was tried in the circuit court of Clinton county without a jury and resulted in a finding that plaintiffs were entitled to possession of the property sued for, with judgment accordingly for plaintiffs and against defendant for costs.

The pleadings consisted of complaint, answer and reply. The complaint charged that plaintiffs were dealers for the International Harvester Company; that said company was the owner of International tractor model W-40, serial number WKC6728, that as dealers and agents of the company plaintiffs were

entitled to immediate possession of the tractor, which was of the value of $1,475. That defendant was in possession of said tractor and had wrongfully detained same from plaintiff since May 20, 1940 to the damage of plaintiff of $400. That on November 18, 1940 plaintiffs demanded of defendant that he deliver said property to plaintiff, but that he refused to do so.

The answer denied the averments of the complaint and in addition stated in substance as follows: that on May 15, 1940 defendant ordered in writing a new International tractor model W-40 for the net price of $1,000 plus the trade-in of a used tractor of defendant, which tractor was taken, and was still retained by plaintiffs. That plaintiffs failed to furnish defendant with a new tractor, but on the contrary, furnished a used and remodeled one, which was of much lesser value than a new tractor and was of the value of $400. That plaintiffs were notified by defendant that he elected to retain said used tractor and that he would pay for the same as a used tractor and not on the basis of the order for a new tractor. It was further alleged that plaintiffs had no right to maintain their suit in replevin, but could only claim from defendant the amount of the actual cash value of said tractor. The reply of plaintiffs denied the averments of the additional answer.

The written order, which was admitted in evidence as plaintiff's exhibit 1, bore the date of May 15, 1940. The tractor called for by the order was, ''1 W-40 Tractor 6 cylinder vertical with 7.50x28 6 ply rubber rear, belt pulley and tax, high speed gears, Firestone tires preferred.'' The price was stated to be $1,100 cash on delivery, with trade-in of a 15-30 McCormick-Deering tractor, and no amount of value of the used tractor was noted in the order. By the provisions of the agreement and warranty appearing upon the back of the order, retention of possession or continued use constituted an acceptance and satisfaction of war-

ranty, and title, with the right of repossession for default, was reserved to the seller until the full purchase price had been paid in cash.

Plaintiffs' exhibit 2, date of November 18, 1940, was a demand on the part of plaintiffs, that in accordance with the agreement of May 15, 1940 defendant deliver to plaintiffs, the tractor involved. The used tractor, which was the trade-in, was received by plaintiffs, from defendant about a week after the tractor in controversy was delivered to defendant.

Immediately upon receipt of the tractor sold him, defendant called plaintiffs and LeRoy Kniseley, salesman for plaintiffs went out to the premises of defendant, at which time defendant asked him if this was a new tractor, and the salesman replied that it could not be anything else, that they did not sell anything else. After that there were different complaints made by defendant about the defects of the tractor, which he considered as indicating that he had received a used machine, and adjustments were made on the machine from time to time by service men employed by plaintiffs.

After several verbal demands for payment had been made by the agent for plaintiffs, which were not complied with, and after defendant had possession of the tractor for nearly six months, written demand for possession was made, and the replevin suit followed. On behalf of plaintiffs, LeRoy Kniseley, salesman testified that the first time he went out to defendant's farm and saw the tractor, he would say that it was a new tractor. Roy E. Frazier, Sr., for the plaintiff testified that he had ordered the tractor over the telephone through the International Harvester Company at Terre Haute, Indiana, that he expected to get him a new tractor and that was what he got.

In his own behalf defendant Allison testified in substance that the hole for the drawbar attachment, or coupling, in the machine was egg-shaped, where new

tractors have an absolutely round hole; that the oil filter showed that the tractor had been used considerably and about a tablespoonful of fine grindings were found in the filter; that the paint showed two different colors with restenciling at places; that there was a tapping noise in the transmission and when the engine got hot, it developed a knocking, all of which he testified in his opinion indicated that it was a used tractor. As to some of this he was corroborated by Ernest Stonecipher, agent for the Standard Oil Company in that vicinity; W. H. Craft a farmer living nearby, Samuel Dunbar a railroad man, who had worked on defendant's farm and by Edgar Allison, son of defendant. John O. Richardson, service manager with the Terre Haute branch of the International Harvester Company, testified in rebuttal for plaintiffs that it was possible for a new tractor to have all of the defects testified to.

Both plaintiff and defendant seem to be in accord on the proposition that the one issue involved in this case, is whether this tractor was a new or a used machine. This issue is raised by the interposition of the additional answer of defendant, averring that he was not sold a new tractor, but a used one. In his argument counsel for defendant designate this as defense of breach of warranty. Where a breach of warranty of the quality of an article sold is relied on as a defense, the burden of proof is on him to establish the warranty and the breach of it. *Noble v. Fagnant,* 162 Mass. 275, 38 N. E. 507. Where a defendant pleads an affirmative defense, he has the burden of maintaining such defense by a preponderance of the evidence. *Weber v. American Posting Service,* 197 Ill. App. 500; *Vail v. North American Union,* 191 Ill. App. 297; *Northwestern Fuel Co. v. Western Fuel Co.,* 144 Ill. App. 92; *Howard v. Bennett,* 72 Ill. 297; *Bonnell v. Wilder,* 67 Ill. 327. This is particularly so, where the reply consists merely of a denial of the

allegations of the answer. *Matthews v. Granger,* 196 Ill. 164. The finding of a trial court is entitled, on review, to the same weight as the verdict of a jury, and, if the evidence is conflicting, such finding will not be reversed on appeal unless it is contrary to the manifest weight of the evidence. *Keefer Coal Co. v. United Electric Coal Companies,* 291 Ill. App. 477, 10 N. E. (2d) 210; *People v. Chicago, & E. I. Ry. Co.,* 258 Ill. App. 535. The only question in such case is whether the findings of fact made by the court below are clearly and palpably against the weight of the evidence. *Van Amburg v. Reynolds,* 372 Ill. 317, 23 N. E. (2d) 694. The burden of proof being upon defendant to prove his additional answer by a preponderance of the evidence, we are not inclined to hold in this case that the judgment of the lower court was against the manifest weight of the evidence.

As a more or less collateral proposition, it is argued by defendant that plaintiffs kept the trade-in tractor received from defendant, and therefore could not bring replevin until they had returned same. There was no provision in the contract with reference to any disposition to be made of any payments made by defendant, in the event of default. Defendant, according to the testimony, had the possession and the use of the tractor sold to him, for nearly six months, which months were the productive ones on the farm. When demand was made by plaintiffs upon defendant, for the return of the machine, such demand was made "in accordance with the agreement made by you," as shown by plaintiffs' exhibit 2. In matters of conditional sale the law seems to be that if the condition of payment is not fully complied with or waived, the original vendor's rights become perfect and absolute and he may follow the property or recover its full value and without any deductions for any partial payments made by the vendee, they are all forfeited, 55 C. J. 1279. *Herbert v. Rhodes-Burford Furniture Co.,* 106 Ill. App.

583. There is no recission of the contract, requiring the vendor to place the vendee in status quo, but the taking is but in accordance with the contract and the vendor is not liable to refund payments made to him. *Latham v. Sumner,* 89 Ill. 233. Upon this record, the return of defendant's used tractor, was not a condition precedent, to the maintaining of replevin, for the tractor sold him by plaintiffs.

Finding no reversible error in this record, the judgment of the trial court is affirmed.

*Affirmed.*

Heard in this court at the May term, 1942. Opinion filed June 27, 1942.