Mayflower Sales Company, Appellee, v. R. E. Frazier and C. S. Wooters, Copartners, Trading as Frazier & Wooters, Appellants.

February term, 1945. Heard in this court at the Opinion filed March 5, 1945. Released for publication April 5, 1945.

GLENDON C. HODSON, of Centralia, for appellants.

FRANK E. TROBAUGH and STEPHEN E. BRONDOS, both of West Frankfort, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

This is a suit brought by Mayflower Sales Company, plaintiff appellee, who will be referred to hereinafter as plaintiff, against R. E. Frazier and C. S. Wooters, et al., copartners, doing business as Frazier and Wooters, defendants appellants, who will be referred to hereinafter as defendants, to collect the purchase price of 50 cases of Film-O-Seal, a chemical substance sold to puncture proof automobile tires.

An amended complaint charged the sale and purchase of the substance for the sum of $576.50. The answer of defendants thereto denied the allegations contained therein, and also pleaded warranty of the product, breach thereof and offer to return the product, to plaintiff. Plaintiff replied admitting the warranty, but denied the breach thereof.

The trial court, without a jury, found for plaintiff and entered judgment for $547.80, against defendants, from which judgment defendants prosecute their appeal to this court.

It appears from the record, that it was stipulated upon the trial that defendants ordered, and plaintiff shipped, 50 cases of Film-O-Seal; that the agreed price was $24 a case with certain discounts, that these cases were received by defendants, who used and sold a part thereof. It was further stipulated that according to defendant's letter, date of June 21, 1943, they had 42 cases on hand and since the writing of that letter four additional cases had been returned to defendants and that they acknowledged their liability for four cases.

This commodity was supposed to be noninjurious to rubber and to seal punctures in automobile tires. De-

fendants who were jobbers put some of the merchandise in the tires on their own cars and retailed some of it to individuals and other firms, particularly to filling stations.

One of the firm, E. M. Baldridge, date of April 26, 1943 wrote to E. J. Straus, sales manager for plaintiff, to the effect that he was discontinuing business, that different dealers had said that "Film-O-Seal was O.K.," but that if they used it they would lose their tire repair business, and that they had on hand 42 cases and asked plaintiff to give information as to disposition. There was no complaint about breach of warranty in this letter. On May 21, 1943, R. E. Frazier, one of defendants wrote to plaintiff rather vaguely to the effect that the material had not been doing what it was represented to do. The letter also stated that they could not sell it and asked to have it returned as it was not what they bought.

On behalf of defendants, Irwin Hassebrock, who operated a filling station, testified that he had a puncture in one tire on his own car, after placing the material therein, and that the tire went down and ruined it and the casing. He also testified that one of the tires on the car of defendant, Frazier, that had Film-O-Seal in it, was flat, after pulling a nail out of the tire. He also testified to a number of other occasions when he observed tires on the cars of his customers, that had used the material, said tires having been punctured and were flat.

Defendant R. E. Frazier testified as to punctures and blow-outs in spite of the use of Film-O-Seal.

Defendant Cecil Wooters, testified to several flat tires in Georgia, after he had used the commodity. Defendant E. M. Baldridge, also testified to a number of flat tires.

On behalf of plaintiff, and in rebuttal to the above testimony, E. J. Straus, sales manager for plaintiff company, testified that he had used Film-O-Seal and

had seen it tested and knew that it would do the things represented it would do; that plaintiff had sold others Film-O-Seal out of the same lot sent defendants, and had no complaint. J. A. Weiss and H. L. Haden both testified that they were salesmen for plaintiff; that they had experience with the merchandise and that it was satisfactory.

It is assigned as error that the judgment of the trial court was against the manifest weight of the evidence. Finding of a trial court in a cause tried without a jury is entitled on review, to the same weight as the verdict of a jury, and if the evidence is contradictory, such finding will not be reversed on appeal, unless it is contrary to the manifest weight of the evidence. *Keefer Coal Co. v. United Electric Coal Companies,* 291 Ill. App. 477. Not alone is the evidence in the instant case conflicting, but in addition thereto, where a breach of warranty of the quality of an article sold is relied upon as a defense, the burden of proof is on the person alleging the breach to establish the warranty and the breach of it. *Frazier v. Allison,* 315 Ill. App. 253. We are not inclined to hold that the judgment of the trial court was against the manifest weight of the evidence.

Even, assuming that the warranty in this case was breached, defendants would be deemed to have waived any claim therefor, unless they gave notice to plaintiff within a reasonable time. Uniform Sales Act, ch. 121½, par. 49, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 121.53].

The entire evidence of defendants is rather vague as to the specific times when tires which had Film-O-Seal in them blew out and became flat. The evidence indicates that defendants put some of the merchandise in their tires and sold some of it shortly after receipt of it. The first communication that might be construed as hinting at notice of breach of warranty, was in defendants' letter to plaintiff, after demand

had been made by plaintiff for payment, in which they stated, "If you will ask either Mr. Hugo or Mr. Hassebrock you will find the trouble they have been experiencing by using this material and it has not been doing what it has been represented to do." This was date of May 21, 1943.

Plaintiff turned the claim over to an attorney for collection and upon his writing defendants, they replied in substance that plaintiff had not lived up to their agreement and that they knew what this was. Defendant Frazier testified that a representative of plaintiff called on them about helping distribute the material but there is no evidence of any complaint to him about the breach of warranty. Apparently the first specific complaint about the breach is contained in answer of defendants, when they were sued.

The question of what is a reasonable time for notice of breach of warrant is ordinarily a question of fact for the jury. *Hesse v. Gude Bros.–Kieffer Co.*, 170 N. Y. S. 211; *Tinius Olsen Testing Machine Co. v. Wolf Co.*, 297 Pa. 153, 146 Atl. 541. In the absence of a jury, this, of course, would be for the court. In that regard, we will not attempt to substitute our judgment for his.

We find no reversible error in this record. The judgment of the trial court is affirmed.

*Affirmed.*