Rufus Brown, Appellee, v. Hugh Welborn, Appellant.

Term No. 49M16.

508

Opinion filed September 26, 1949. Released for publication October 26, 1949.

JOHNSON & JOHNSON, of Belleville, for appellant.

KRAMER, CAMPBELL, COSTELLO & WIECHERT and C. R. BRADY, all of East St. Louis, for appellee.

MR. PRESIDING JUSTICE BARDENS delivered the opinion of the court.

Rufus Brown, plaintiff appellee, filed suit in the circuit court of St. Clair county, Illinois, against Hugh Welborn, defendant appellant. Appellee's complaint consisted of two counts. The first count alleges that appellee was the owner of a gas tank which he brought to the place of business of said appellant for the purpose of having it installed in appellee's 1941 Cadillac automobile, that appellant or his agents or servants contracted to install said tank in said auto and return same to appellee in a repaired condition; but that appellant failed to deliver said automobile so repaired to appellee and wrongfully holds same. The second count after setting forth the delivery of the car and tank as aforesaid charges appellant with negligence in installing said tank, which negligence ignited gasoline on the premises with the resultant fire damaging the car of appellee in the amount of $1,500. Each count concluded with a prayer for judgment in the amount of $2,000.

The case was heard without a jury. The trial court found that appellant was the owner and operator of an automobile repair garage as aforesaid. A further finding was made that while an agent and servant of said Hugh Welborn was repairing the appellee's automobile, the said agent and servant of the said appel-

lant so conducted his work as to ignite gasoline being drained from the gasoline tank of said automobile, causing a fire which damaged appellee's car in the amount of $1,341.37. The court further found that said damage was directly and proximately caused by the negligence of Leo Click, employee, agent and servant of the said Hugh Welborn.

An appeal is now perfected to this court by the appellant who contends that no evidence was introduced in the trial court indicating that Leo Click was his agent or employee and that, in fact, Leo Click was an independent contractor. Appellant also urges that appellee's proof of damages was insufficient, as a matter of law. Because of these alleged errors, appellant claims the findings of the lower court are manifestly against the weight of the evidence.

The testimony of the appellee, which was corroborated by one other witness, revealed that Mr. Brown had taken his 1941 Cadillac automobile to Hugh Welborn's garage, known as Welborn Repair Shop and Garage, to have the gas tank exchanged and bumper repaired. This bumper had been worked on previously at Mr. Welborn's shop but the work so performed had not proved satisfactory. On August 7, 1948, Mr. Brown drove his car beside said garage and told Mr. Welborn the bumper was not satisfactory. Mr. Welborn told Leo Click, who was at the garage, to fix the bumper and Mr. Click started work on the bumper. Appellee then informed appellant he would like to have his gas tank exchanged and asked the price of such a job. Mr. Welborn said that $8 would be the cost for such services. Mr. Brown said that price was too high. At that time Mr. Welborn left.

As soon as Leo Click finished repairing the bumper, he asked Mr. Brown if he wanted the tank "put on." When Mr. Brown replied that $8 was too much, Mr. Click looked at the job and offered to do it for $5.

Leo Click started to remove the tank which contained gasoline and found it necessary to place a bucket below the car to receive the gasoline as it ran from said tank. An electric wrench was used by Mr. Click on one of the eight-inch bolts. While using this wrench, the gas caught fire and the blaze, so ignited, damaged the car extensively burning the two rear wheels, the spare tire, the trunk, and some of the upholstering. Mr. Brown has never taken his car from Mr. Welborn's garage since that occurrence, but has demanded that it be repaired, which Mr. Welborn has refused to do.

Mr. Welborn's testimony is to the effect that when Mr. Brown came to his garage on August 7, 1948, no mention was made of the defective bumper nor was Mr. Click called to work on said car. Mr. Brown asked to have his gas tank changed. Mr. Welborn replied that it would be $8 since the union mechanic gets time and half on Saturday. Mr. Welborn was not referring to Mr. Click. Mr. Welborn says that he then left Mr. Brown and stopped on his way through the garage to ask Mr. Click not to do the work either.

The status of Leo Click in the garage of Mr. Welborn, as stated by Mr. Welborn, was that Mr. Click could bring in his own work into the garage, use Mr. Welborn's tools to perform said operation and turn over 50 per cent of the gross to Mr. Welborn. Or, Mr. Click could bid on jobs which Mr. Welborn brought in and if Mr. Welborn thought the estimate was reasonable, then Mr. Click got the job. Mr. Welborn says that at the time of the accident he paid no social security or withholding tax on Mr. Click. Appellant introduced in evidence a part of his bookkeeper's record attempting to show Mr. Click to be an independent contractor. We do not regard said records as being conclusive on the point. Mr. Welborn went to Springfield after talking with appellee and did not learn of the fire until his return.

With the evidence as stated showing the corroborated testimony of appellee conflicting sharply with appellant's testimony, a question of fact was presented to the lower court as to the agency of Leo Click. The trial court had opportunity to see the witnesses personally and to listen to their testimony. Such being the case, the trial court's findings should not be disturbed unless such are clearly against the manifest weight of the evidence. Examining the evidence as presented, we do not feel that the holding of the lower court as to the agency of Leo Click is contrary to the manifest weight of the evidence. Its ruling should not be disturbed.

A further error is urged by appellant who states that appellee's proof of damages was insufficient as a matter of law. It should be noted that appellee's original complaint consisted of two counts. The first count is drawn on the theory that there was a bailment of the automobile in question and non-return upon demand. The second count is a general negligence count. Under count I, appellee, as bailor, made out a prima facie case against appellant, bailee, by showing that the car which had been bailed had not been returned upon demand, and such prima facie case was not overcome by a mere showing that the goods had been burned. *Brenton v. Sloan's United Storage & Van Co.*, 315 Ill. App. 278, and cases cited. To rebut this prima facie case, appellant must show that the destruction or damage to said property was not the result of negligence on his part. *Scherb v. Randolph Wells Auto Park, Inc.*, 301 Ill. App. 298, and cases cited; *Hollingshead Motors Co. v. Crogan*, 336 Ill. App. 423. The lower court's judgment was based upon findings that appellee proved his case as alleged in the complaint and also that appellant had, in fact, through his agent, been guilty of negligence. Such being the case, under count I, the damage to the

appellee was the value of the car at the time of the bailment.

 Mr. Brown testified that he paid two thousand ($2,000) dollars for the car in November of 1947. Also a stipulation was entered into between the parties that if a certain witness were present, he would testify that the Blue Book value of a 1941 Cadillac car would be worth between fourteen hundred and fifteen ($1,415) dollars and eighteen hundred and fifty ($1,850) dollars at the time of the accident. It was further stipulated that the Blue Book value referred to is a recognized book used by all motor vehicle companies in estimating values of automobiles. Uncontradicted evidence was admitted showing the car to be in a good state of repair and running condition. In the absence of conflicting evidence, it would be assumed that, under count I, the trial court might have found the damage sustained to be within the range of the Blue Book values stated above. However, the judgment of the court was for an amount below the minimum of said range of values. Such being the case, the defendant was not prejudiced and should not be heard to complain. *Schaefer v. Then*, 327 Ill. App. 206 (Abst.); *Barnett v. Meisterling*, 327 Ill. 564. A careful examination of the record reveals that appellee's proof of damages leaves something to be desired. However, we are of the opinion that such proof is sufficient for the case at bar.

The judgment of the circuit court of St. Clair county is hereby affirmed.

SCHEINEMAN, and CULBERTSON, JJ., concur.