Capitol Dairy Company, Appellee, v. All States Auto Body Builders, Inc., Appellant.

Gen. No. 44,807.

Opinion filed January 19, 1950.   Released for publication February 21, 1950.

CLARE J. MURPHY and T. F. SULLIVAN, both of Chicago, for appellant.

GOLDMAN, ALLSHOUSE & HEALY, of Chicago, for appellee; SELWYN COLEMAN, of Chicago, of counsel.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

Defendant appeals from a judgment in the sum of $767.50 entered on the verdict of a jury in favor of plaintiff for damage to one of its trucks caused by a fire while the truck was at defendant's shop for repairs.

The evidence discloses that in August 1946, plaintiff delivered one of its milk trucks to defendant for reconditioning. Among the repairs made by defendant was the installation of lining and insulation. September 17, 1946, one of defendant's employees welded a new steel floor plate in the truck. This was done about three

o'clock p. m. No one worked on the truck in question thereafter.

About six o'clock p. m. September 17, 1946, defendant's shop was closed and about eleven o'clock p. m. of the same day Mr. Miller, president of defendant company, was notified that there was a fire in his establishment. At the time of the fire there were eight or nine other trucks in defendant's premises.

According to the testimony of Miller no other trucks were burned, "the fire centered around the back of this truck," and "nothing was burned in the shop, just this truck."

■ Defendant contends that there is no evidence of negligence on its part. The existence of the relationship of bailor and bailee at the time of the fire is uncontroverted. Nor is it disputed that plaintiff established a prima facie case of negligence and damage to the truck while it was in the possession of defendant. Since plaintiff made out a prima facie case, the burden of proceeding shifted to defendant. (*Lederer v. Railway Terminal & Warehouse Co.*, 346 Ill. 140; *Byalos v. Matheson*, 328 Ill. 269; *Kammerer v. Graymont Hotel Corp.*, 337 Ill. App. 434; *Hollingshead Motors Co. v. Crogan*, 336 Ill. App. 423.)

■■ Defendant says that the fire broke out about five hours after the shop was closed and that the cause of the fire was unknown. There is no evidence tending to show when the fire started. It is admitted by defendant that plaintiff's truck was the only one burned and that it occurred in that part of the truck where one of defendant's employees had been welding earlier in the day. No evidence was offered by defendant to show what kind of welding equipment was used or how much heat it generated, nor does it appear that all combustible material was removed, whether the premises were securely locked, or other precautions taken to guard the premises. In order to discharge itself from liability

397

under such circumstances a bailee must show that the loss occurred without its fault, and whether it has met this burden is a question of fact for the jury to determine. (*Lederer v. Railway Terminal & Warehouse Co.,* 346 Ill. 140.)

From a careful reading of the record we cannot say that all reasonable minds would agree that defendant has shown that degree of care required in the instant case to absolve it from liability. (*Brenton v. Sloan's United Storage & Van Co.,* 315 Ill. App. 278.)

For the reasons assigned, the judgment is affirmed.

*Judgment affirmed.*

BURKE and KILEY, JJ., concur.