Henry Bielunski and Patsy Bielunski, Plaintiffs-Appellees, v. Ray Tousignant, Defendant-Appellant.

Gen. No. 11,130.

Second District, Second Division.

May 2, 1958.

Released for publication May 19, 1958.

Gray, McIntire, Petersen & Ackman, of Kankakee, for appellant.

Streeter, Nichols & Streeter, of Kankakee, for appellee.

JUSTICE SOLFISBURG delivered the opinion of the court.

This is a suit to recover for damage to the motor of a 1954 Buick automobile bailed by the plaintiffs, Mr. and Mrs. Bielunski, to the defendant, a repairman, for the purpose of a general tune-up. The case was first tried before a justice of the peace, who found for plaintiffs. On appeal to the Circuit Court of Kankakee county, the circuit judge, sitting without a jury, en-

tered a judgment for plaintiffs for $450 and costs of suit. From that judgment this appeal was taken.

The evidence is not in sharp conflict and may be briefly summarized. On Friday evening, February 24, 1956, at her husband's suggestion, Mrs. Bielunski phoned the defendant who operated an auto repair shop specializing in electrical system work and arranged to have the family car brought in the following morning for a tune-up, including new points, setting the timing and a general tuning. By plaintiffs' testimony, the car, when delivered to defendant's place of business, was working very well, without noises or knocks, and plaintiffs testified that the only reason for placing the car in the repair shop was for a general tune-up. Mr. Bielunski testified that he drove on the average of two thousand miles a month and that it was his practice to obtain a general tune-up periodically.

The plaintiffs' car was driven by Mr. Bielunski to the defendant's garage on Saturday morning, February 25, 1956. Defendant's son, who worked for his father, testified that he drove the car into the garage that Saturday morning from where it had been parked on the premises. By his testimony, when he drove it into the shop to be worked upon, it made a "sort of bang or clanking sound." Thereupon the defendant proceeded, according to his testimony, to put in new points, change the distributor plate and replace the condensor. The lifters were sticking and anything the defendant tried to do admittedly did not improve the operation of the car. Defendant testified he was having "trouble" with the car and suspected something else was wrong with it, but he went ahead with the ordered work. After the work ordered had been completed, defendant directed his son to take the car out for a road test. Again, the engine emitted knocks and noises as previously. When the son had proceeded two or two and a half blocks, the engine stopped run-

361

ning. Upon examination later, it appeared that there was a hole in the lower right side of the engine, that a rod had gone through the block, and that many of the internal parts were badly broken, including piston, sleeve, oil lines and rods. Defendant's wrecker pushed the automobile back to his shop. No witness for either party purported to attribute the damage to the engine to any particular cause.

The plaintiffs subsequently replaced the damaged engine, which was valueless, with a new engine costing $600 installed. The garageman who replaced the engine for plaintiffs testified that the engine replaced should have been depreciated by 25 per cent, making the value of the replaced engine at the time of delivery to the bailee $450.

The parties concede that this was a bailment for hire or bailment for mutual benefit. In the absence of special contract, where the bailment is for mutual benefit the bailee must exercise ordinary care or diligence with respect to the subject matter of the bailment, or, otherwise stated, he must exercise such care as an ordinarily or reasonably prudent man would take of his own goods of like character under similar circumstances (Schaefer v. Washington Safety Deposit Co., 281 Ill. 43, Lathrop v. Goodyear Tire & Rubber Co., 325 Ill. App. 281). A bailee for hire is bound only to use ordinary care, and he is neither an insurer of the chattel intrusted to his care nor responsible for failure to return the chattel where it has been lost or destroyed without his fault (Beatrice Creamery Co. v. Fisher, 291 Ill. App. 495, Beard v. Haskell Park Bldg. Corp., 248 Ill. App. 467). Negligence in the care of the bailed property is the basis of his liability (Standard Brewery v. Bemis & Curtis Malting Co., 171 Ill. 602), and as in other negligence actions the burden is on the plaintiff to establish that the defendant's negligence was the cause of the loss or damage to the

chattel bailed. In an action for loss of, or damage to, bailed property, the burden of proof is on the bailor to show that the property was in good condition when delivered to the bailee (Minsky v. Steinberg, 162 Ill. App. 530). However, proof of delivery of property in good condition and return by the bailee in a damaged condition or failure to return because of loss or theft creates a presumption of negligence on the part of the bailee or makes a prima facie case and casts on the bailee the burden of showing that the loss or damage occurred without his fault (Miles v. International Hotel Co., 289 Ill. 320, Byalas v. Matheson, 328 Ill. 269, Lederer v. Railway Terminal Co., 346 Ill. 140, Scherb v. Randolph Wells Auto Park, 301 Ill. App. 298, Lindor v. Burns, 292 Ill. App. 201).

■ The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee but simply to shift the burden of proceeding or going forward with the evidence (Miles v. International Hotel Co., 289 Ill. 320, Clemenson v. Whitney, 238 Ill. App. 308, Neal v. Lincoln Oil Refining Co., 269 Ill. App. 207, Wolf v. Pedian, 251 Ill. App. 564, Brown v. Welborn, 338 Ill. App. 507). The presumption arising from the bailee's return of the bailed property in a damaged condition or not at all is rebutted by proof of freedom from negligence (Miles v. International Hotel Co., 289 Ill. 320, McCall v. Pullman Co., 331 Ill. App. 561). Of the very nature of things, facts concerning the loss or injury to the subject of the bailment while in the exclusive possession of the bailee are facts peculiarly within the bailee's knowledge and power to prove (Cumins v. Wood, 44 Ill. 416, Bennett v. O'Brien, 37 Ill. 250). Hence, reviewing courts in Illinois have adopted the rules and presumptions to which we have just adverted.

■ ■ Whether the bailee has met the burden of showing that injury or damage to the bailed property

occurred without his fault is a question of fact for the trier of fact (Capital Dairy v. All States Body Builders, Inc., 339 Ill. App. 395, Brenton v. Sloan's United Storage & Van Co., 315 Ill. App. 278, I. L. P. Automobiles and Motor Vehicles, Section 312). Here the case was tried before the judge sitting without a jury. The defendant rested his entire defense on the proposition that the damage to the engine was unexplainable, a "mystery," and that there was no negligence on his part. The existence of the bailment is uncontroverted, and it is virtually undisputed that plaintiffs' established a prima facie case of negligence and damage to their Buick engine while it was in the possession of defendant. The critical issue before the Trial Judge was whether the defendant showed satisfactorily his own freedom from negligence. The Trial Judge obviously concluded that, although the cause of the motor damage had not been adequately explained, the defendant had failed to meet the burden of showing that the damage had occurred without his fault. We believe the Trial Judge could so conclude, and as a Reviewing Court we are not at liberty to disturb his finding unless it is against the manifest weight of the evidence. (Mayflower Sales Co. v. Frazier, 325 Ill. App. 314.)

■ We are not inclined to hold that the finding of the Trial Judge was against the manifest weight of the evidence. Defendant was an experienced automobile repairman. By defendant's own testimony, as well as that of his son who assisted him, the plaintiffs' car while in his shop emitted noises and bangs, which condition persisted to the time the car broke down. The engine continued to give defendant "trouble" such that defendant suspected something was wrong with it. Nevertheless defendant made no attempt to investigate the source of the "trouble" nor did defendant cease work until he had obtained the owners' authorization

to investigate and correct the source of the "trouble." Thereafter, with the engine "trouble" still uncorrected, the defendant directed his son to road test plaintiffs' car. On the road test the damage resulted causing the car to break down. It was defendant's duty, upon notice to him of an unusual condition, to exercise ordinary care in further operation of the car to forestall serious damage. The Trial Court could very well determine that the damage did not occur without defendant's fault, particularly in light of the fact that he directed his son to road test the car without determining the source of the "trouble". We cannot say that the finding of the Trial Court that defendant had failed to overcome the presumption of negligence was against the manifest weight of the evidence.

Therefore, the judgment of the Circuit Court of Kankakee county is affirmed.

Judgment affirmed.

CROW, P. J. and WRIGHT, J. concur.