## Louis Herbert et al. v. Rhodes-Burford Furniture Co.

1. CONDITIONAL SALES—*Doctrine Recognized in This State.*—The doctrine of conditional sales is recognized by the law of this state in favor of the original vendor, except as against *bona fide* purchasers and execution creditors.

2. SAME—*Contract May Provide that in Case of Breach of Contract Property May be Resold and Vendee Receive Residue After Payment of Debt.*—There is nothing inconsistent in a provision of a contract which declares that the title to the property shall remain in the vendor, until payment has been made, and that in case the vendor shall retake the property, he shall sell it and pay himself the balance of the debt and pay over the balance of the proceeds to the vendee.

3. SAME—*In Case of Breach of Condition of Payment, Partial Payments Are Forfeited.*—In the matter of conditional sale the law seems to be that if the condition of payment is not fully complied with or waived, the original vendor's rights become perfect and absolute, and he may follow the property or recover its full value, and without any deduction for any partial payments made by the original vendee; they are all forfeited.

**Replevin**, with a count in trover.   Appeal from the Circuit Court of Alexander County; the Hon. Joseph P. Robarts, Judge presiding. Heard in this court at the August term, 1902.   Affirmed.   Opinion filed March 2, 1903.

Reed Green, attorney for appellants.

William N. Butler and Lansden & Leek, attorneys for appellee.

The written contract between the vendee and vendor containing no words of conveyance to the said vendee, and expressly providing that the title to the goods and chattels therein mentioned shall remain in the vendor until the same are fully paid for, is not a chattel mortgage, but is evidence of a conditional sale; and defendants, before they took possession of said goods, having actual knowledge of said contract and of the fact that the vendee had not fully paid the vendor for said goods, were not *bona fide* purchasers, and the defendants not having taken said goods under any legal process whatever, they were not entitled to hold said goods as against the vendee.   Gilbert v. National Cash Register Company, 176 Ill. 288; The Hooven, Owens and Rentschler Co. et al. v. Burdette et al., 153 Ill. 672; Van Duzor v. Allen, 90 Ill. 499; Murch v. Wright, 46 Ill. 487; Brundage v. Camp, 21 Ill. 330; Rhines v. Phelps, 3 Gil. 455; Robinson v. Rowan, 2 Scam. 499; Farquharson v. United Typewriter and Supplies Co., 94 Ill. App. 350; Tufts v. Koumoungis, 73 Ill. App. 210; People v. Kirkpatrick, 69 Ill. App. 207; Hallbeck v. Stewart, 69 Ill. App. 225; Dial v. Peterson, 34 Ill. App. 478; Fairbanks v. Malloy, 16 Ill. App. 277; Harkness v. Russell, 118 U. S. 663; W. W. Kimball Co. v. Mellon, 80 Wis. 133; Nichols v. Ashton, 155 Mass. 205; Boon v. Moss, 70 N. Y. 465; Braddock Brewing Co. v. Pfaudler Vacuum Fermentation Co., 106 Fed. Rep. 604; A. & E. Ency. of Law, 2d Ed., Vol. 6, page 458; Benjamin on Sales, 4th Am. Ed., Secs. 334, 366, 393; Black's Law Dictionary, 143.

An instrument signed by the vendee of goods delivered to him by the vendor, stating that the title to the property described in the instrument is to remain in the vendor until

the purchase price of said goods has been fully paid, is not a chattel mortgage, and it is not at all governed by the chattel mortgage act and is not entitled to be recorded under said act so as to constitute constructive notice of its existence to third parties.   Gilbert v. Nat. Cash Reg. Co., 176 Ill. 288; People v. Kirkpatrick, 69 Ill. App. 207; Hallbeck v. Stewart, 69 Ill. App. 225.

Mr. Presiding Justice Bigelow delivered the opinion of the court.

This case comes to this court for review by virtue of section 75 of chapter 110, Revised Statutes, 1901, and the sole question certified up for our decision is, whether the instrument hereafter quoted is a chattel mortgage or a conditional sale.

The case was tried in the first instance before a jury; the action was replevin, with a trover count, under which count appellee recovered a judgment against appellants for the sum of $260.41.

One Belle Harrington, on the 21st of November, 1898, received from appellee a number of articles of furniture, carpets and stoves, and at the time of the receipt of such property she executed to appellee the following contract :

"I, Belle Harrington, have received of the Rhodes-Burford Furniture Co. the following described property, * * * which I agree to purchase and pay for, as follows : Eight hundred twenty-three and 00-100 dollars, $10.00-100 down, and balance payable in installments of $10.00-100 per week from the date hereof.  It is agreed and understood that I may retain the possession of and have use of said goods and chattels until the day the last payment aforesaid becomes due, subject to the conditions hereinafter mentioned.   The title to said property is to remain in said Rhodes-Burford Furniture Co. until fully paid for.   And, in event of my failure to promptly pay for the same, as above agreed to, or if I sell, or attempt to sell, or remove property from the said premises hereinafter mentioned, without the written consent of Rhodes Burford Furniture Co., or if at any time they or their assigns shall feel themselves insecure, then the said Rhodes-Burford Furniture Co., their agent, attorney or assigns, are hereby au-

thorized to take charge of said property with or without force, and may enter any building or room where said goods, or any of them, may be located, and may use all force necessary for the purpose of reclaiming its said goods, even to the extent of breaking locks, doors or windows, if such conduct on its part, or on the part of its attorneys or agents, shall become necessary, and shall sell the same, and out of the proceeds of said sale retain a sufficient amount to pay the balance owing thereon (whether due or not), together with all reasonable costs, charges and expenses in so doing. Said property to be sold at public or private sale to the highest bidder, for cash, after giving ten days' notice of the time and place of sale, by three advertisements posted up in the vicinity where said sale is to take place. It is understood and agreed that the failure to pay any one of said installments, at the time and in the manner aforesaid, shall make all the installments aforesaid due and payable. And failure of Rhodes-Burford Furniture Co. to take advantage of any default upon my part in making said payments shall in no way operate as a waiver to do so for any subsequent breach. I further agree not to remove said property from Cairo, Ill., until the same is fully paid for, without the written consent of the said Rhodes-Burford Furniture Co.

Witness my hand and seal the 21st day of November, 1898.

[SEAL.]              (Signed) BELLE HARRINGTON."

This instrument was duly acknowledged before a police magistrate of the city of Cairo on the 22d of November, 1898; on the 6th of January, 1899, it was filed for record in the recorder's office of Alexander county. Appellants Cushman and Fuller, acting as agents of appellant Herbert, on the 26th of April, 1901, took the property mentioned in the agreement without any legal process, and it was taken to satisfy a debt due and owing from Belle Harrington to Herbert. Appellants knew at the time they took the property that Belle Harrington had not paid all that was due on the furniture, and they also knew of the existence of the agreement heretofore quoted.

If the transaction between Belle Harrington and the Rhodes-Burford Co. was a chattel mortgage, the judgment ought to be reversed; but if it was a conditional sale, the judgment should be affirmed.

Appellants admit that this case would be controlled by the adjudication of Gilbert v. National Cash Register Co., 176 Ill. 288, were it not for the following clause in the agreement:

" And shall sell the same, and out of the proceeds of said sale retain a sufficient amount to pay the balance owing thereon (whether due or not), together with all reasonable costs, charges and expenses in so doing. Said property to be sold at public or private sale to the highest bidder, for cash, after giving ten days' notice of the time and place of sale by three advertisements," etc.

The contention of appellants is, that this clause fixes the transaction to be a chattel mortgage, and particular reliance for that view is placed upon Palmer v. Howard, 72 Cal. 293, and Heryford v. Davis, 102 U. S. 235.

The doctrine of conditional sales is recognized by the law of this state in favor of the original vendor, except as against *bona fide* purchasers and execution creditors. Gilbert v. National Cash Register Co., *supra*. In that case stress is laid upon the fact that no words of " transfer " or " conveyance " were contained in the instrument to act upon the title to the property, and that such fact, together with the provision that the title to the property should remain with the vendor until payment, fixed the transaction as a conditional sale. Is, then, the clause which provides, in case appellee shall take possession of the property, that it shall be sold, " and out of the proceeds of sale retain a sufficient amount to pay the balance owing thereon," so inconsistent with the idea that title was to remain in appellee that the transaction was an out-and out sale? The case cited from the State of California sustains the contention of appellants on this question; but it is to be noted that by the statutes of California a chattel mortgage is in no sense a " transfer " or " conveyance." In that state the chattel mortgage is a mere lien. 3 Pomeroy's Equity Jurisprudence, Sec. 1232. For that reason an instrument in that state may be declared to be a chattel mortgage, which would have no efficacy in that regard under our chattel mortgage statute and decisions. Nor can we regard the case of Heryford v. Davis,

*supra*, as a controlling authority. The clause relied upon in this case is substantially contained in the Heryford case; but this was only one of the many items which led the court to pronounce the transaction to be an absolute sale. It was by no means the controlling factor in reaching that result, as may be seen from the case of Harkness v. Russell, 118 U. S. 663, where again the same clause, substantially, appeared in the instrument there under consideration, and yet the court held the transaction to be a conditional sale. Both reason and authority tells us, that there is nothing inconsistent in the provisions which declare that the title to the property shall remain with the vendor until payment has been made, and that in case the vendor, for breach of contract, shall retake the property, he shall sell it and pay himself the balance of the debt and pay over the balance of the proceeds to the vendee. In matters of conditional sale the law seems to be that "if the condition of payment is not fully complied with or waived, the original vendor's rights become perfect and absolute, and he may follow the property * * * or recover its full value, and without any deduction for any partial payments made by the original vendee; they are all forfeited." Benjamin on Sales (Bennett's Ed. 1888), 270, and cases cited.

But whether this is a correct statement of the law or not, it is easily seen that the parties to this agreement, after providing that the legal title to the property should remain with the vendor, might have contemplated a possible state of things, where the vendee had paid three-fourths of the purchase price and then made default in the payment of the next installment, so as to authorize the vendor to take possession of the furniture. In such event, if the furniture should be worth one-half the purchase price, and the vendor should retain all installments paid, together with the property, without a sale, the vendee would consider that he had overpaid the vendor to the amount of one-fourth of the purchase price, and so this clause was placed in the contract to create, in favor of the purchaser, a possible compensating advantage in the final disposition of the proceeds of the property.

But this advantage was viewed by the contracting parties, as springing, not from the fact that the purchaser was the holder of the title to the property, but as an offset to the harsh enforcement of the contract in possibly forfeiting all payments, and in a possible retention of the property without accounting for its value, should the law be held to be as above suggested by Mr. Bennett.

Viewed in this way, any right to a balance after sale would be a right created by contract, dealing with money rights purely, as distinguished from a right of redemption created by law, dealing with title to the property.

We are of the opinion the contract was a conditional sale, and the judgment of the Circuit Court is affirmed.