## Elizabeth Blazier Getzelman, et al., v. Henry Blazier, et al.

### Gen. No. 4,277.

1. Party—*who is a necessary, to a bill to remove a cloud and reform a deed.* A party who has or claims such an interest in land as to render it necessary or desirable that such interest be adjudicated, is a necessary party to a bill to remove a cloud and reform a deed.

2. Party—*when claimant should be admitted as.* A claimant should upon his or her motion be admitted as a party to a bill to remove a cloud and to reform a deed where it appears that he or she is a necessary party thereto.

3. Answer—*when exceptions to, are improperly sustained.* It is improper to sustain exceptions to an answer and cross-bill and to adjudicate the issues thereby raised without permitting the defendant and cross-complainant to be heard touching such issues, where such issues are necessary and proper to be determined in order to adjudicate the rights and interests of the parties to the litigation including the rights and interests of such defendant and cross-complainant.

4. Freehold—*when, not involved.* Upon the authority of Prouty v. Moss, 188 Ill. 84, it is held in this case that a freehold was not involved.

Proceeding to remove cloud, etc. Appeal from the Circuit Court of Kane County; the Hon. Henry B. Willis, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded, with directions. Opinion filed March 14, 1904.

Robert G. Earley and Ernest C. Luther, for appellants.

Botsford, Wayne & Botsford, for appellees.

Mr. Justice Farmer delivered the opinion of the court.

On December 26, 1902, appellees, Henry Blazier, Caroline Eichler, George Blazier, Mary A. Blazier, and John Blazier, Jr., heirs at law of John Blazier, deceased, and grantees in certain deeds made by him in his lifetime, reserving to himself the use and occupation during his life of the premises conveyed, filed their bill in chancery in the Circuit Court of Kane County, against certain defendants for the removal of alleged clouds on the title to certain of the lands conveyed to them by said John Blazier, and the correction of some descriptions in the deed, and also for

the correction of a mistake in the name of the grantee in a deed to their father of a certain tract which the bill alleges he owned at the time of his death. The bill alleged that John Blazier died May 1, 1901, leaving surviving him Elizabeth Blazier, his widow, and complainants, his children, as his only heirs at law.

The bill among other things alleged that Elizabeth Blazier, then Maderer, prior to her marriage with John Blazier, entered into an antenuptial contract with him dated August 30, 1881, by which, in consideration of the marriage to be solemnized between her and John Blazier and the further consideration of one thousand dollars, the receipt of which was duly acknowledged in said antenuptial contract, she released all claims and demands which she would otherwise acquire as his wife, by virtue of the marriage, including dower and widow's allowance, in any and all estate of said John Blazier; that the contract was duly acknowledged by both John Blazier and said Elizabeth Maderer, and filed for record in the recorder's office May 3, 1889, and duly recorded, and that upon the death of said John Blazier, the reservations and conditions in the deed from him to complainants were removed and they became the owners in fee of all the lands, free and clear of all liens and incumbrances, and from any statutory interest of Elizabeth Blazier as widow of John Blazier, deceased. Elizabeth Blazier, now Getzelman, was not made a party defendant, but the bill prayed the court to decree that the antenuptial contract between her and John Blazier released all her interest in and to the real estate of said John Blazier, and that upon his death complainants took it free and clear of any right or interest in her. Mrs. Getzelman asked and was granted leave to be made a party defendant, and thereupon filed her answer and a cross-bill. Complainants, or some of them, filed exceptions to the answer, and demurred to the cross-bill. The exceptions and demurrer were sustained and she thereupon by leave of the court filed an amended answer and amended cross-bill. Exceptions were interposed to the amended answer and a demurrer to the amended cross-bill,

and both sustained.　She thereupon elected to stand by her amended answer and cross-bill, and was defaulted. ̦ In her amended answer and cross-bill, Mrs. Getzelman, in substance, avers that no part of the one thousand dollars mentioned in the antenuptial contract has ever been paid her; that she is of German descent, and unable to understand and compre-hend the English language, in which the contract was written, and did not know the purport and effect of it, except as it was told to her by John Blazier and complain-ants, all of which was well known to them; that the con-tract was signed at the same time the deed was executed by John Blazier to his children, and it was represented to her by them, that one thousand dollars should be paid to her by complainants as a part consideration for the convey-ance to them by their father of the lands mentioned in their bill and that it was to be a lien on the premises till fully paid.　Further avers that the antenuptial contract was prepared under the direction and dictation of John Blazier, and she being unable to understand and compre-hend it, relied on the statements, representations and as-surances of him and complainants and signed it; that their representations were false and fraudulent, and were made for the purpose of deceiving her and inducing her to sign the contract; that they fraudulently and without her knowl-edge inserted in the contract a clause acknowledging receipt of one thousand dollars when in truth and in fact she did not at the time, and has not since, received anything what-ever on the contract.　Avers that complainants and her husband repeatedly assured her up to the time of his death, that it was a part of the consideration for the conveyance of the land and was a lien thereon, and that she never knew anything to the contrary till after his death, and that after the death of her husband she was led to believe by some of the complainants that the money would be paid to her.　The cross-bill further alleges that at the time of the execution of the antenuptial contract, John Blazier owned real estate of the value of twenty-five thousand dollars, and personal property of the value of five thousand dollars;

that she was unfamiliar with his wealth, and that to procure her to sign the contract, he falsely and fraudulently represented his property as being worth much less, and alleges that by reason of the fraudulent conduct and representations of complainants and said John Blazier, the contract ought to be set aside and Mrs. Getzelman let into her statutory rights as widow in the lands described in the original bill, and all the estate and property left by her husband. The prayer of the cross-bill is that the antenuptial contract be decreed to be null and void and that complainant therein be decreed to be entitled to dower in the premises described in the original bill, and that the same be assigned her, or if the antenuptial contract be not set aside, that she be decreed payment of the amount and that it be made a lien on the land.

After exceptions to the amended answer and demurrer to the amended cross-bill had been sustained, the court entered a decree that complainants' bill be taken for confessed against her, and found that she had made and entered into the antenuptial contract, and in consideration of the receipt of one thousand dollars mentioned therein, she released all claims she would acquire under the law in the estate and property of John Blazier by virtue of her marriage to him; and that upon his death complainants took the land free and clear of all incumbrances, and that Elizabeth Blazier Getzelman has no claim, interest, right or title in and to the said premises, or any part thereof, as widow, heir, or otherwise.

Under the allegations of complainants' bill, and the prayer for relief, Mrs. Getzelman was a necessary party, and the court properly allowed her to become defendant on her own motion. If Mrs. Getzelman as widow of John Blazier, deceased, and *prima facie* entitled to the statutory rights of a widow in her husband's estate, had or claimed such an interest in the land as that it was necessary or desirable that the matter should be adjudicated, it was necessary that she be made a party defendant to the bill. Both the answer and cross-bill charge that the execution of the antenuptial contract was procured through and by the fraud of com-

plainants and their father, and deny its validity. In our opinion the averments were sufficient to raise an issue necessary and proper to be determined. If the contract was invalid, then Mrs. Getzelman had an interest in the land that was something more than a mere cloud. So also would be the case if the consideration for the antenuptial agreement had never been paid, and was entitled to be made a lien on the land. We, of course, express no opinion as to her rights upon either proposition, but in our opinion the court erred in sustaining the exceptions to the answer and the cross-bill. Whether the allegations of the answer and cross-bill were true or false, she was entitled to be heard before her rights were determined. This was not permitted her, but by the decree the court found and adjudicated that she had no right or interest in and to the estate and property of her deceased husband.

The simple recital of these facts would seem to be sufficient to show the rulings of the court were erroneous, and that the citation of authorities is unnecessary. It is insisted that the answer and cross-bill were insufficient because it appeared from the allegations therein, that Mrs. Getzelman had been guilty of such laches as to bar her from asserting her alleged claim and right. Without wishing to be understood as expressing an opinion as to the ultimate rights of the parties, we hold that under the averments in the answer and cross-bill it was not proper to sustain the exceptions and demurrer on that ground, but that a hearing should have been had.

It is also claimed that a freehold is involved in this litigation, and that the appeal was therefore improperly taken to this court, and should be dismissed. Under the authority of Prouty, et al., v. Moss, et al., 188 Ill. 84, and cases there cited, we are of opinion the question presented to us by this record involves no freehold and the appeal was properly brought here.

The decree is therefore reversed and the cause remanded with directions to the court below, to overrule the exceptions to the answer and the demurrer to the cross-bill.

*Reversed and remanded, with directions.*