**Edward E. Keck, Appellee, v. Fred Lambacher, on appeal of Republic Acceptance Corporation, Interpleader and Appellant.**

### Gen. No. 27,379.

1. SALES—*agreement in form of lease as conditional sale.* An agreement in the form of a lease whereby an automobile truck is leased for a cash payment and equal monthly instalments, there being a provision that, on payment of all the instalments, the second party has the option of purchasing the truck for one dollar, is a conditional sale.

2. SALES—*rights of creditor of conditional vendee.* A creditor of a conditional vendee who is in possession of title will prevail over a conditional vendor.

3. ATTACHMENT—*effect of irregularity in order of as to rights of creditors.* In an attachment suit brought against a conditional buyer of an auto truck, where the conditional seller interpleaded and raised a question as to the legal effect of a "lease agreement" and the priority of creditors, and the lease agreement was held a

conditional sale, and subsequently, in the attachment suit, the judgment was for the plaintiff, so that his position as creditor was established, the interpleader could not contend that the plaintiff creditor should have established his position before a finding was made on the interplea, as such objection was merely as to the order of proof.

Appeal from the Municipal Court of Chicago; the Hon. GEORGE B. HOLMES, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed May 1, 1922.

MAURICE A. BARANCIK, for appellant; AARON SOBLE, of counsel.

FREDERICK A. BROWN and ROBERT E. MATHEWS, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This appeal seeks the reversal of a judgment against the Republic Acceptance Corporation, which interpleaded in an attachment suit brought by Keck against Lambacher, claiming ownership and right to possession of a certain Tower truck.

The finding against the claim of the interpleader was proper. Its claim was based on a so-called "Lease Agreement" between the Tower Motor Truck Company of Chicago, first party, and the Ritter-Dougherty Motor Service Company, second party. The document purported to lease the truck in question for a certain cash payment and certain monthly instalments to be thereafter paid for 12 months, at which time, if these instalments and interest were paid, the second party had the option to purchase the truck for one dollar. The aggregate of these sums is equivalent to the value of the truck stated in the document. The interpleader, Republic Acceptance Corporation, acquired the interest of the first party in this agreement by mesne assignments, and the second party for a valuable consideration assigned its

interest, together with possession of the truck, to Lambacher, who assumed the obligations to make the payments called for by the instrument.

It has been repeatedly held that such agreements, while in the form of leases, are conditional sales.

"Sellers desirous of making conditional sales of their goods, but who do not wish openly to make a bargain in that form, for one reason or another, have frequently resorted to the device of making contracts in the form of leases either with options to the buyer to purchase for a small consideration at the end of the term, provided the so-called rent has been duly paid, or with stipulations that if the rent throughout the term is paid, title shall thereupon vest in the lessee. It is obvious that such transactions are leases only in name. The so-called rent must necessarily be regarded as payment of the price in instalments since the due payment of the agreed amount results, by the terms of the bargain, in the transfer of title to the lessee." (Williston on Sales, sec. 336.)

Such contracts have been construed to be contracts of sale in *Lucas v. Campbell*, 88 Ill. 447; *Murch v. Wright*, 46 Ill. 487; *Tarr v. Stearman*, 185 Ill. App. 45, 48; *Gilbert v. Gere*, 67 Ill. App. 590.

In the same cases it has also been held that a creditor of a conditional vendee who is in possession of the title will prevail over the conditional vendor. See also *Hervey v. Rhode Island Locomotive Works*, 93 U. S. 664; *Van Duzor v. Allen*, 90 Ill. 499.

It is said that Keck was not a creditor of Lambacher, hence he could not question the claim of the interpleader. At the trial on the interpleader the issue was as to the legal effect of the so-called "Lease Agreement" and as to the priority of a creditor to a conditional vendee. No evidence was heard at that time as to whether Keck was a creditor of Lambacher. Subsequently, upon the trial of the attachment case, judgment was for the plaintiff, so that his position as creditor was established. Counsel for appellant contends that this should have been proven before a

finding was made on the interplea. We are referred to no case definitely deciding that this must be the order of proof. Cases cited where the plaintiff was proven not to be a creditor are not in point. The criticism merely goes to the sequence of the proof. As it was adjudged that Keck was a creditor, it would be useless to reverse and remand the case in order that there might again be proof of this fact.

The judgment was proper and is affirmed.

*Affirmed.*

DEVER, P. J., and MATCHETT, J., concur.