A. J. Canfield Co., Appellant, v. Russell J. McGee, Appellee.

Gen. No. 41,028.

Opinion filed July 2, 1940. Rehearing denied and supplemental opinion filed July 15, 1940.

WILLIAM T. PRIDMORE, of Chicago, for appellant; MARION G. McCLELLAND, of Chicago, of counsel.

No appearance for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff is engaged in manufacturing and selling beverages and defendant was one of its employees; a written contract of employment was executed by them in which defendant agreed not to accept employment from any other corporation or engage in any competitive efforts without the permission of plaintiff; the complaint alleged a breach of this agreement by defendant and sought to enjoin him from engaging in a competing beverage business in certain territories in the city of Chicago and also for damages.

The contract provided that in case of a breach by defendant $100 a day as liquidated damages should become due from defendant to plaintiff and plaintiff sought to enforce this covenant; answer was filed and the cause was referred to a master in chancery who recommended the injunction prayed for but refused to enforce the amount stated as liquidated damages, holding that this was intended as a penalty rather than liquidated damages and that the amount of the penalty was excessive and unconscionable and should not be enforced. The trial court overruled exceptions to the report, approved it and decreed accordingly. Plaintiff appeals to this court, saying that the sole question raised on this appeal is the part of the decree touching the $100 named in the contract. Plaintiff argues that this was for liquidated damages and as such enforcible. Defendant does not appear in this court.

Plaintiff cites *Canfield Co. v. Gleasner* (opinion by the 2nd Division of this court), 296 Ill. App. 637 (Abst.). That case involved a contract similar to the one now before us. There the trial court had dismissed plain-

tiff's complaint. This court held that this was error and reversed the judgment and remanded the cause with directions to grant a temporary injunction and to require the defendant to answer. The question of the damages was not touched upon in that opinion.

Plaintiff cites a large number of cases sustaining a provision for liquidated damages in the contracts involved. Such provisions have been sustained in many cases but there are an equal number of cases holding that the words "liquidated damages" are not conclusive, for the reason, as stated in an article by Mr. Prentice in 31 Ill. Law Rev. 879, 880, 881, quoting from Professor Corbin in 40 Yale L. J., that "calling an outrageous penalty by the more kindly name of liquidated damages does not absolve it from its sin." This is in accord with what is said in *Hennessy v. Metzger,* 152 Ill. 505, 514, where the court said the fact that the parties used the words "liquidated damages" in their agreement does not always determine the question, citing *Scofield v. Tompkins,* 95 Ill. 190, and Sedgwick on Damages, 6 ed.—marg. p. 399. The opinion says in order to determine whether a stipulated sum is a penalty or liquidated damages the court will consider the language used, the subject matter of the contract and the intention of the parties. This was repeated in substance in *Iroquois Furnace Co. v. Wilkin Mfg. Co.,* 181 Ill. 582, 601. In 19 Am. & Eng. Enc. of Law, 397, it is stated that in determining the question the courts must view the whole contract and circumstances surrounding its execution and that courts incline to that construction in which the sum stated is held to be a penalty, citing a large number of cases.

We apply these considerations to the instant case. The master found that for about three months prior to the execution of the contract, September 4, 1937, defendant was employed by plaintiff as a salesman; that defendant and other salesmen were assembled in a meeting at the general offices of plaintiff and notified

that all the salesmen would be required to sign the printed agreement submitted to them, and that unless they did so, any salesman so declining would be discharged. Defendant thereupon signed the agreement.

It was covenanted in the written agreement that defendant should be paid weekly, according to a commission list "herewith furnished." The master found that neither at the time of the execution of the written agreement nor subsequent thereto was any written list of commissions to be paid furnished to defendant; that prior to the execution of the contract defendant was paid as his compensation for services a weekly salary, together with commissions on sales but that the payment of the weekly salary to defendant was discontinued and his compensation based wholly on commissions. During the taking of evidence there was a statement made by defendant's counsel, which was not contradicted, that defendant "did not make $100 in two weeks; he didn't earn it." Objection was made that evidence of this would not be relevant. Evidence of defendant's earnings was proper as touching the reasonableness, or otherwise, of the penalty.

Under these circumstances, especially where defendant was compelled under threat of discharge to sign the agreement, we are of the opinion the trial court properly held that the provision for $100 a day was a penalty instead of liquidated damages, and that the amount of the penalty under the circumstances of the case was excessive and unconscionable and should not be enforced in this proceeding, and the decree will be affirmed.

*Decree affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.

### SUPPLEMENTAL OPINION.

Plaintiff has filed a petition for rehearing in which it complains that we have given no reasons for holding that the trial court properly held the provision in the

contract for $100 a day was a penalty instead of liquidated damages, and that the amount of said penalty, under the circumstances, is excessive and unconscionable and should not be enforced in this proceeding. Two reasons might be suggested: (1) The conclusions of the master and the chancellor, when they are in accord, will not be disturbed unless manifestly against the weight of the evidence. *Pasedach v. Auw,* 364 Ill. 491; (2) Defendant's compensation was $25 a week, plus commissions of approximately 4 to 5 per cent, subsequently changed to commissions only, around 8 per cent. Under such circumstances it requires no argument to convince that a penalty of $100 a day was unreasonable and unconscionable. The petition for rehearing is denied.