Arco Bag Co., Inc., an Illinois Corporation, Appellee, v. Facings, Inc., an Illinois Corporation, and William E. Decker, an Individual, Appellants.

**Gen. No. 47,263.**

First District, First Division.

June 9, 1958.

Rehearing denied July 1, 1958.

Released for publication July 18, 1958.

Irving Goodman, of Chicago, for appellants.

Marvin Riman, and Abe M. Linderman, both of Chicago, for appellee.

JUSTICE ROBSON delivered the opinion of the court.

This is an appeal from a judgment against defendants for breach of contract. Plaintiff and defendant, Facings, Inc., entered into contracts whereby it is purported plaintiff agreed to lease and the defendant to hire, with the option to purchase, four lift trucks. Facings, Inc. failed to meet its payments as provided in the contracts and plaintiff repossessed the trucks and brought this action for the balance due under the contracts, a total of $3,000 in attorney's fees, and $133.57, the cost of repossessing the trucks. William E. Decker, who had signed each contract in an individual capacity, was joined as a defendant. The case was tried without a jury and a judgment for $24,283.57 was entered in favor of plaintiff against both defendants. The principal question presented on appeal is whether or not the contracts contain any provision indicating, as part of the agreement, a predetermination of the extent of defendant's liability upon default.

Three of the contracts were executed on April 29, 1955; the fourth is dated June 1, 1955. In substance each provides that the total amount due for the use of each truck shall be $5,400, payable at the rate of $150 per month; that the lessee is given an option to

111

purchase the equipment at the termination of the lease · for a price of $400 provided that the total rental has been paid, the option to be exercisable at any time during the term of the lease and no later than ten days after its termination; that in the event of the lessee's default or insolvency the lessor may enter the lessee's premises and repossess the equipment. Other provisions of the contracts relate to repairs, operators, liability for loss or damage, insurance, taxes, title, inspection, nonwarranty of equipment by the lessor, possession, and assignments. The contracts also contain the following two provisions:

"Nonwaiver:

Time is of the essence, Lessor's failure at any time to require strict performance by Lessee of any of the provisions hereof shall not waive or diminish Lessor's right thereafter to demand strict compliance therewith or with any other provision. Waiver of any default shall not waive any other default. Lessor's rights hereunder are cumulative and not alternative."

"Miscellaneous:

Lessee will not change or remove any insignia or lettering on the equipment. All notices relating hereto shall be mailed registered to Lessor or Lessee at its respective address above shown or at any later address last known to the sender. In case of any default by Lessee hereunder all sums due and to become due hereunder shall, at the option of Lessor or any assignee of Lessor, become payable forthwith. Lessee waives all rights under all exemption laws. Lessee admits the receipt of a true copy of the Equipment Lease. This lease is irrevocable for the full term hereof and for the aggregate rental herein reserved, and the rent shall not abate by reason of termination of Lessee's right of possession and/or the taking of possession by Lessor or for any other reason, and delinquent installments of rental shall bear interest at

the highest lawful rate. In case of any default by Lessee hereunder, Lessor may sell the equipment or may re-lease the equipment for a term and a rental which may be equal to, greater than, or less than the rental and term herein provided. Any proceeds of sale, received within 60 days after repossession, or any rental payments received under a new lease made within such 60 days for the period prior to the expiration of this lease, less Lessor's expenses of taking possession, storage, reconditioning and sale or releasing, shall be applied on the Lessee's obligations hereunder, and Lessee shall remain liable for the balance of the unpaid aggregate rental set forth above. Lessee's liability shall not be reduced by reason of any failure of Lessor to sell or re-let within such 60 days."

Defendant, Facings, Inc., paid the amount due under the contracts for the month of May, 1955. The payments for June were not made at the appointed time. The president of plaintiff corporation contacted Facings, Inc. The president of Facings, Inc. promised to make payment, but failed to do so and, in the middle of June, referred plaintiff to defendant Decker. On June 30, 1955, Facings, Inc. sent a check for $600 to plaintiff. The check was returned by the bank for insufficient funds. During June plaintiff contacted Decker's office, although no written demand for payment was ever sent to Decker. Plaintiff's president and secretary, Ben Linderman, testified that he could not specifically recall speaking directly to Decker. Decker testified that he had spoken to Linderman by phone in the middle of June, that this conversation was his first knowledge of any default by Facings, Inc., and that he then told Linderman that he would "do something about it."

On July 27, 1955, plaintiff's attorney, Abe Linderman, who is also an officer of plaintiff, went to the

113

premises occupied by defendant corporation to repossess the trucks. Abe Linderman then called Decker and informed him of the action he was taking. Decker offered to send a check within the hour. Linderman declined the offer and proceeded to repossess the trucks. Subsequently plaintiff filed this action against Facings, Inc. and Decker to recover the balance of the payments on each truck for the entire term of each lease. Defendants answered alleging that the repossession was wrongful, that Decker was at all times ready, willing, and able to pay the amounts due. Both defendants filed counterclaims for business losses, loss of capital and punitive damages, all of which they alleged became due them as a result of the arbitrary, wrongful, and malicious repossession of the trucks by plaintiff. Plaintiff produced no evidence to establish its damages and the court found all of the issues in favor of plaintiff under the contract provisions related heretofore in this opinion.

The parties have referred to the contracts in question as "sale-lease" or "lease-purchase" agreements. They have characterized the monthly payments to be made under each contract as rent. This terminology is of no significance, for, where the total amount of "rent" payable for goods is substantially equivalent to their value and the "lessee" has the option of purchasing the goods after all rent is paid, the contract is, in all legal effect, a contract of conditional sale and is in fact recognized as such by the plaintiff. Breece Veneer & Panel Co. v. Commissioner of Internal Revenue, 232 F.2d 319 (CA 7th, 1956); Austin-Western Road Mach. Co. v. Veal, 115 F.2d 112 (CA 5th, 1940). This court must determine whether or not the contracts in question specifically provide that upon default by the lessee or purchaser, and repossession by plaintiff, plaintiff is entitled also to recover the total amount of monthly payments designated in each con-

tract, or, in effect, substantially all of the stipulated purchase price for each truck.

The nonwaiver clause in the contracts clearly states that plaintiff's rights are cumulative and not alternative. Plaintiff's right to repossess the trucks is set forth in the provision of the contracts relating to default. That provision also gives plaintiff the right to a reasonable sum as attorney's fees should legal proceedings be necessary to recover any "moneys due and to become due." However, plaintiff's right to recover any money in the event of default and repossession, is covered solely by the last clause of each contract, which is labeled "miscellaneous." That clause states in substance that the contract is irrevocable; that plaintiff's right to the aggregate of the monthly payments for the entire term shall not terminate upon repossession by it of the trucks; that plaintiff may, within sixty days after repossession, sell or "re-lease" the trucks as it sees fit; that it shall apply any proceeds from such sale or "re-leasing" to the "Lessee's" obligations under the contract; and, finally, that the liability of the "lessee" shall not be reduced by reason of any failure of plaintiff to sell or "re-let" within the sixty day period. Plaintiff contends that the "miscellaneous" clause in each contract is actually a provision for liquidated damages. We cannot accept plaintiff's contention. In Giesecke v. Cullerton, 280 Ill. 510, 513 (1917), our Supreme Court said:

"This court has said more than once that no branch of the law is involved in more obscurity by contradictory decisions than whether a sum specified in an agreement to secure performance will be treated as liquidated damages or a penalty and that each case must depend upon its own peculiar and attendant circumstances, and that therefore general rules of law on this subject are often of very little practical utility. While the intention of the parties must be taken into

115

consideration, the language of the contract is not conclusive. The courts of this State, as well as in other jurisdictions, lean toward a construction which excludes the idea of liquidated damages and permits the parties to recover only the damages actually sustained. (Advance Amusement Co. v. Franke, 268 Ill. 579; Gobble v. Linder, 76 id. 157; Scofield v. Tompkins, 95 id. 190.)"

The peculiar and attendant circumstances of the instant case reveal that the construction of the "miscellaneous" clause now advanced by plaintiff would, if accepted by this court, place plaintiff in a far more advantageous position than it would have occupied had the contracts been duly performed. Plaintiff has regained possession of its equipment, has reserved the right to re-lease or sell the equipment, and now seeks to hold defendants liable for the full amount of the payments to which the parties initially agreed by abstaining from such re-leasing or resale for a stipulated period after the default.

It is true that there are some authorities holding valid a provision in a conditional sale contract whereby the parties expressly agree that, upon default by the vendee, the vendor would be entitled to repossess the equipment and to recover the unpaid balance of the purchase price as liquidated damages. See Manley Auto Co. v. Jackson, 115 Ore. 396, 237 Pac. 982 (1925); Bedard v. Ransom, Inc., 241 Mass. 74, 134 N. E. 392 (1922). In each of those cases the term "liquidated damages" was specifically set forth in the contract. In Illinois, even the use of the term "liquidated damages" does not conclusively determine whether a sum stipulated in a contract is actually a provision for liquidated damages or is, in effect, a penalty, which is merely a fixed sum intended by the parties as a security against the actual damages sustained. Hennessy v. Metzger,

116

152 Ill. 505, 514 (1894); Scofield v. Tompkins, 95 Ill. 190 (1880); A. J. Canfield Co. v. McGee, 306 Ill. App. 226 (1940). However, the failure to use such language is a factor in determining whether or not the parties actually intended a liquidated damage provision. The contracts in the instant case are devoid of language even remotely suggesting that liquidated damages were within the contemplation of the parties under the terms of the contracts.

█ On the other hand, it is evident that the parties contemplated some liability on the part of either Facings, Inc. or Decker in the event of default. The contracts provide for "re-leasing" or sale by the lessor of the repossessed equipment with application of any proceeds so obtained to the liability of the lessee. In some jurisdictions repossession by the conditional vendor terminates the obligations of the vendee under the contract. See New Hampshire Fire Ins. Co. v. Curtis, 264 Ala. 137, 85 So.2d 441 (1955); Noble Gill Pontiac, Inc. v. Bassett, 227 Ark. 211, 297 S.W.2d 658 (1957). In others a provision allowing the conditional vendor to recover from the defaulting vendee the amount of any deficiency which may exist after an application of the proceeds of resale to the original debt has been held valid and enforceable. Knoebel v. Chief Pontiac, Inc., 61 N. M. 53, 294 P.2d 625 (1956); Barrett v. Distributor's Group, Inc., 89 Ga. App. 458, 79 S.E.2d 587 (1953). In Illinois, repossession under a contract of conditional sale does not constitute a rescission of the contract. Latham v. Sumner, 89 Ill. 233 (1878); Bangert v. Emmco Ins. Co., 349 Ill. App. 257 (1953); Frazier v. Allison, 315 Ill. App. 253 (1942); Herbert v. Rhodes-Burford Furniture Co., 106 Ill. App. 583 (1902). The validity of a provision authorizing resale by the vendor has also been recognized in this State. Bangert v. Emmco Ins. Co., supra; Herbert v. Rhodes-Burford Furniture Co., supra.

We can only conclude that the contracts in the instant case provided for a penalty rather than liquidated damages. It was thus incumbent upon plaintiff to establish its actual damages. In light of the language pertaining to the "re-leasing" or sale of the equipment after repossession, we feel that evidence relating to the ultimate disposition of the trucks would be pertinent in establishing damages, for the plaintiff should stand in no better position as a result of this suit than it would have occupied had the contracts been fulfilled.

Nor do we find any merit in the counterclaims of the defendants. The rights and remedies of the parties must be determined from the terms of the contracts upon which this controversy centers. The record reveals a default in the payments for the month of June, 1955. The contracts provide for repossession by the plaintiff in the event of such default. For this reason alone we cannot probe the motives of the plaintiff in insisting upon the strict enforcement of a provision in the contracts which is clear and unambiguous on its face.

The judgment is reversed and the cause remanded for proceedings consistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

SCHWARTZ, P. J. and McCORMICK, J., concur.