**G. Chicoine Contractors, Inc., an Illinois Corporation, Plaintiff-Appellant, v. John Marshall Building Corporation, a Corporation; Home Savings and Loan Association, a Savings and Loan Institution; George Smith, as Trustee; and Unknown Owners, Defendants-Appellees.**

**Gen. No. 66–12.**

Second District.

December 30, 1966.

Selwyn Coleman, of Roselle, for appellant.

Beverly, Oddsen, West & Scheflow, of Elgin, for appellees.

MR. JUSTICE RATHJE delivered the opinion of the court.

Plaintiff-appellant, G. Chicoine Contractors, Inc., an Illinois corporation, appeals from an order entered by the Circuit Court of the 19th Judicial Circuit, McHenry County. Said order dismissed plaintiff's complaint for foreclosure of a mechanic's lien against the subject property owned by the defendant John Marshall Building Corporation, and authorized the Home Savings and Loan Association of Elgin, as mortgagee, to present a decree of foreclosure on said subject property.

On May 23, 1963, the plaintiff filed suit for foreclosure of its mechanic's lien against the defendants, John Marshall Building Corporation, Home Savings and Loan Association of Elgin, George Smith and unknown owners. It alleged that, on May 25, 1962, the plaintiff entered into a written contract with the defendant John Marshall Building Corporation (hereinafter referred to as John Marshall Corp.) to furnish labor and materials to complete sanitary sewers, storm sewers and water mains on the subject property for a total amount of $44,599.25; that the plaintiff complied with the terms of the contract and furnished, at the request and special instance of John Marshall Corp., extras in the amount of $5,061.71; that the materials became a permanent and valuable improve-

ment to the subject property; that John Marshall Corp. paid plaintiff $37,988.40, leaving a balance due the plaintiff $11,738.66; and that on January 2, 1963, it filed its original claim for lien in the amount of $11,161.16; and that sum is still due and owing the plaintiff.

Home Savings and Loan Association of Elgin (hereinafter referred to as Home Savings) pursuant to section 48 of the Civil Practice Act, filed a motion to dismiss on the ground that the plaintiff had executed its full waiver of lien, attaching an affidavit of the executive vice-president of Home Savings stating that, on September 10, 1962, the president of the plaintiff company executed and delivered to Home Savings its full and complete waiver of lien and that said waiver was not obtained through any fraud, mistake or duress. Also attached to the motion was the payout authorization and the waiver of lien, both on a single form supplied by Home Savings, showing that the amount of the contract was $36,690.15 and that the plaintiff authorized the payment of that amount to John Marshall Corp. for sewer, water, and storm lines; that the waiver executed by the plaintiff was for and in consideration of $36,690.15, receipt of which was thereby acknowledged, and the plaintiff waived and released any and all lien or claim or right of lien under the Statutes of the State of Illinois relating to mechanics' liens.

On January 28, 1965, Home Savings filed a mortgage foreclosure suit against the subject property. On June 10, 1965, on motion of the attorney for the plaintiff, an order was entered consolidating the mortgage foreclosure suit and the mechanic's lien suit of the plaintiff and referring them both to a master in chancery for the purposes of taking proofs and making findings of fact. After due notice to the attorneys, on July 20, 1965, a pretrial conference was held which the attorney for the plaintiff failed to attend. A notice and a tentative master's report was sent to the attorneys of record on August 17, 1965,

giving them approximately one week to file objections to his report. No objections were filed on behalf of the plaintiff. On August 26, 1965, the master made his recommendation that, in the absence of counteraffidavits filed by the plaintiff, the affidavit filed by Home Savings must be taken as true and concluding that an order should be entered dismissing the mechanic's lien foreclosure suit. Pursuant to that recommendation, on October 14, 1965, an order was entered dismissing the mechanic's lien foreclosure suit filed by the plaintiff and allowing Home Savings to present a decree of foreclosure on the subject property.

▮ Plaintiff's first contention on appeal is that the motion to dismiss filed under section 48 of the Civil Practice Act was not adequate to defeat its claim. Section 48 of the Civil Practice Act (Ill Rev Stats 1965, c 110, § 48) provides a method whereby a defendant may file a motion to dismiss the action on the ground that the claim is barred by an affirmative matter avoiding the legal effect of or defeating the claim or demand which is supported by affidavit. When a motion under section 48 of the Civil Practice Act is supported by an affidavit and no counteraffidavit has been filed, the facts stated in the affidavit must be taken as true. Winston v. Zoning Board of Appeals of Peoria County, 407 Ill 588, 595, 95 NE2d 864 (1951); Leitch v. Hine, 393 Ill 211, 219, 66 NE2d 90 (1946). In Daviditis v. National Bank of Mattoon, 6 Ill App2d 286, 127 NE2d 462 (1955), the defendant filed a motion to dismiss plaintiff's cause of action under section 48 of the Civil Practice Act. The defendant attached an affidavit alleging plaintiff's complaint was barred by prior judgment. No counteraffidavits were filed by the plaintiff. In affirming the trial court's order dismissing the complaint, the court stated at page 288:

"Since plaintiffs did not file counter-affidavits the facts alleged in defendant's affidavits were properly

taken as true. The trial court therefore correctly sustained defendant's motion and disposed of the case on the defense of a former judgment."

■ It has been stated that, since mechanics' liens are statutory in nature, they must be strictly construed with reference to the requirements upon which the lien rights depend. One right the lien claimant has is to execute his full and general waiver releasing his rights to a mechanic's lien against the property. The Supreme Court stated in Decatur Lumber & Manufacturing Co. v. Crail, 350 Ill 319, 324, 183 NE 228 (1932):

> "While a waiver of lien for a clearly expressed special purpose will be confined by the courts to the purpose intended, yet where a general waiver is executed and there is nothing in the context to show a contrary intention there is nothing left for the court to do but enforce the contract as the parties have made it."

In Timber Structures, Inc. v. Chateau Royale Corp., 49 Ill App2d 343, 199 NE2d 623 (1964), the plaintiff subcontractor accepted a check and gave a full waiver of lien to the general contractor who in turn delivered it to the financing institution. The check was returned to the plaintiff who instituted a mechanic's lien foreclosure suit. The financing institution filed a motion for summary judgment setting out the waiver of lien signed by the plaintiff as a complete defense. The court affirmed the trial court's order granting the motion for summary judgment.

In Hyde Park Inv. Co. v. Hyde Park State Bank, 257 Ill App 539 (1930), the plaintiff filed its bill to foreclose four trust deeds on certain premises. One of the defendants was a plumbing contractor who filed an answer in the nature of an intervening petition, claiming a mechanic's lien on the mortgage premises for labor and

material furnished on the buildings erected upon the mortgaged premises. The plumbing contractor had executed and delivered a waiver of lien under seal for a valuable consideration. In affirming the trial court's order dismissing the plumbing contractor's claim for want of equity, the Appellate Court stated that the waiver was full and complete, covering all work and labor done or thereafter to be done on the mortgaged premises. The court concluded at page 548:

> "The waiver operated to release any lien which Jones might have had but for such waiver. Wolff Co. v. Gwynne, 246 Ill App 86. The bona fides of the waiver is not questioned. It is a complete defense and amply sufficient to support the decretal order of the chancellor dismissing Jones' claim for want of equity."

Plaintiff further contends, on appeal, that its contract antedated the Home Savings' mortgage and therefore is prior to Home Savings' lien. From the record in this case, the plaintiff gave a complete waiver of lien and therefore no question arises as to whether its mechanic's lien antedated the mortgage sought to be foreclosed by Home Savings on the subject property. The plaintiff had notice and ample opportunity to file counteraffidavits, to introduce evidence before the master, to file objections to the master's report, and to object to the entry of the order dismissing its suit.

The judgment of the circuit court of McHenry County is affirmed.

Judgment affirmed.

MORAN and DAVIS, JJ., concur.