DON MEEKER, d/b/a Meeker's of Hidalgo, Plaintiff-Appellant, v. DONALD WEBNER et al., Defendants-Appellees.

Fifth District   No. 76-477

Opinion filed July 25, 1977.

William E. Aulgur, of Eldorado, for appellant.

Yelvington Law Office, of Mattoon (Kenneth L. Bast, of counsel), for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff, Donald Meeker, filed a suit in replevin against Donald Webner and Ruth Webner, defendants. A motion to dismiss plaintiff's complaint was filed by the defendants and granted by the court after a hearing. The plaintiff appeals from the order granting the motion and dismissing his complaint with prejudice.

The plaintiff is engaged in the business of selling grain bins. The defendants operate a grain elevator. On July 3, 1967, and again on October 1, 1967, a financial transaction took place between plaintiff and defendants, the exact nature of which is the central question to be determined in this appeal. Two documents were signed as a part of each transaction. One was titled "Purchase Agreement" and the other "Lease Agreement." The property which was the subject of each of these documents was the same; in the case of the July 3 transaction the equipment was three grain bins and related apparatus; the October 1 transaction concerned a used batch dryer. The "sale" price for the bins was $39,360. The "lease" agreement was for $9,510 per year for five years for a total of $47,550. The batch dryer "sold" for $2,625 and "leased" for total payments of $3,171. The defendants made a down payment of $6,385, and subsequent payments totaling $5,750, for a total of $12,135. On March 14, 1969, the plantiff sent the defendants a notice indicating that they had "defaulted in the terms of the purchase contract."

On May 6, 1969, the plaintiff obtained a judgment by confession against the defendants for $50,060 upon a note signed by defendants. Plaintiff

testified at the hearing on the instant motion to dismiss that this note was signed "to cover rental payments" on the bins and dryer. The judgment was obtained in Jasper County and then registered by the plaintiff in Shelby County on October 18, 1974, five years later. The judgment on the note, with interest, amounted by that time to $67,714. Defendants filed a petition for setoffs which the court found amounted to $24,104. Of this total, $13,895 represented payments made by the defendant on the bins and dryer and the balance was for work performed for plaintiff, principally trucking. Judgment was entered in favor of plaintiff for $43,610 and court costs on May 29, 1975. On September 17, 1975, an order was entered in the case involving judgment on the note determining that the judgment and interest amounted to $44,467, and that the defendants had made full satisfaction of that sum.

On July 19, 1976, the plaintiff filed this suit in replevin seeking the return of the bins and dryer. The defendants filed a motion to dismiss under section 48 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 48.) A hearing was held and an order was entered granting the motion on September 16, 1976, reciting that the underlying transaction concerning the bins and dryer was a sale, not a lease, and that the prior judgment and satisfaction on the note constituted the defendants the owners of the property so as to bar a suit in replevin. The plaintiff appealed. We affirm.

The motion to dismiss was properly granted. The motion to dismiss cited section 48(1)(d), (f), and (i), which read in pertinent part as follows:

"(1) Defendant may, within the time for pleading, file a motion for dismissal of the action * * * upon any of the following grounds.

* * *

(d) That the cause of action is barred by a prior judgment.

* * *

(f) That the claim or demand set forth in the plaintiff's pleading has been released, satisfied of record, or discharged in bankruptcy.

* * *

(i) That the claim or demand asserted against the defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim or demand."

The plaintiff argues, in regard to subsection 1(d) that the defendants, in pleading *res judicata*, carry the burden of proof, which they have not sustained. The plaintiff is correct that the burden is on the party raising the issue of *res judicata* to show precisely what questions were in fact determined in the first action so as to preclude their relitigation in the second. (*Kedzierski v. Kedzierski*, 86 Ill. App. 2d 264, 229 N.E.2d 919.) In order to determine what those issues were recourse must be had to the record. (*City of Evanston v. G. & S. Mortgage &*

*Investment Corp.*, 11 Ill. App. 3d 642, 297 N.E.2d 331.) After reviewing the record we are of the opinion that the instant defendants did not sustain their burden to show what questions were in fact determined in the first action between the parties. There is no evidence or indication in the record that the question which defendants urge is dispositive, that the underlying transaction was a sale and not a lease, was ever raised or decided in the previous suit.

However, the motion to dismiss contained another ground on which the motion should properly be granted. That is, subsection (1)(i) "That the claim or demand asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim or demand." Ill. Rev. Stat. 1975, ch. 110, par. 48(1)(i).

■■ In *G. Chicoine Contractors, Inc. v. John Marshall Building Corp.*, 77 Ill. App. 2d 437, 222 N.E.2d 712, the court sustained the dismissal of a complaint on a motion under section 48(1)(i) which alleged that the plaintiff's suit for foreclosure on a mechanic's lien was defeated by the plaintiff's execution of a waiver. The dismissal of a complaint for wrongful death based on Iowa law was sustained in *Ingersoll v. Klein*, 106 Ill. App. 2d 330, 245 N.E.2d 288. The motion to dismiss simply alleged that Illinois law applied and was uncaptioned as to what section of the Civil Practice Act it was filed under. The motion was held to fall within the purview of subsection (1)(i). *Millsaps v. Bankers Life Co.*, 35 Ill. App. 3d 735, 342 N.E.2d 329, held that the issue of privilege in a suit for libel and slander could be raised by a motion to dismiss under section 48(1)(i). Similarly, the court held in *Kilbane v. Sabonjian*, 38 Ill. App. 3d 172, 347 N.E.2d 757, that the issues of privilege, fair comment, and innocent construction might properly be raised and determined on a motion to dismiss under section 48(1)(i). These decisions indicate to us that section 48(1)(i) is sufficiently broad to permit the question to be raised and determined as to whether the underlying transaction between the plaintiff and defendants was a lease, so as to allow the plaintiff to sue for the return of the property following the payment of the lease terms by the judgment and satisfaction on the note, or whether it was in fact a sale, with the payment of the judgment by the defendants placing the property beyond the reach of a replevin suit by the plaintiff.

■■ We find that there was sufficient evidence presented to the trial court upon which to base a finding that the transaction between plaintiff and defendants were sales rather than leases. We think that result is compelled by our decision in the case of *Meeker v. Fowler*, 35 Ill. App. 3d 313, 341 N.E.2d 412. That case presented the same question as we consider here. It concerned the same plaintiff, identical "purchase" and "lease" documents and the same default notice, in a very similar transaction, also involving grain bins. In that instance both lease and

purchase documents covering the same property were signed and a later notice of "default under a purchase contract" was sent to the defendant. This court found that the transaction was actually a conditional sales contract, quoting from Illinois Law and Practice (32 Ill. L. & Proc. *Sales* §271, at 556, 559 (1957)): "While a conditional sale contract is to be distinguished from a lease of the property, a contract in the form of a lease may constitute a contract of conditional sale, and in determining the character of an alleged lease of personal property the courts will disregard the mere form and the words and will endeavor to reach the substance of the agreement." We relied upon two early cases supporting this reasoning, *Rosenbaum v. King*, 112 Ill. App. 648, and *Singer Mfg. Co. v. Ellington*, 103 Ill. App. 517. We also found the default notice significant in its recitation of a "sale" and its reference to the defendant as the "buyer." We noted the comparatively permanent attachment of the bins to concrete foundations. These same factors are present in the instant case.

■■ Further, we note that in this appeal the difference in the total consideration paid by the defendants under the "lease" and the "purchase agreement" can reasonably be assumed to represent interest or carrying charges. Additionally, one of the tests used by courts to determine whether a lease is actually a sale is whether the money paid under the lease reasonably represents the value of the item. (*Keck v. Lambacher*, 225 Ill. App. 213; *Arco Bag Co. v. Facings, Inc.*, 18 Ill. App. 2d 110, 151 N.E.2d 438.) That test is met by the facts presented here where the "sale" price was $39,360 and the "lease" price was $9,510 per year for five years for a total of $47,450. We also find it significant that the "lease agreement" contained a provision that the lease could be extended for the nominal sum of $10 per year. This precipitous decline in the yearly payments from $9,510 per year to $10 per year indicates that the transaction was actually intended as a sale. Finally, we note the original "down payment" made by the defendants. If the lease payments were to be $9,510 per year then the payment of $6,385 for the three months from July to October, when the first "lease payment was due, is not easily explainable in terms of a lease. In our opinion the money was intended as a down payment, clearly indicating a sale.

For the foregoing reasons we affirm the dismissal of the plaintiff's complaint in replevin.

CARTER, P. J., and KARNS, J., concur.