DON MEEKER, d/b/a Meeker's, Plaintiff-Appellant, *v.* JAMES A. BEESON *et al.*, Defendants-Appellees.

Fifth District   No. 79-151

Opinion filed September 26, 1979.

William E. Aulgur, of Eldorado, and Harlan Heller, Ltd., of Mattoon (Brent Holmes, of counsel), for appellant.

Feiger, Quindry, Molt & Harvey, of Fairfield (Morris Lane Harvey, of counsel), for appellees.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Don Meeker, brought this action in replevin in the Circuit Court of Wayne County against James J. Beeson and Juanita R. Beeson to recover possession of a grain bin. The trial court refused to issue a writ of replevin as requested by plaintiff and awarded attorney's fees to defendants pursuant to section 41 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 41). It is from this adverse ruling that plaintiff brings an appeal.

Plaintiff, a dealer in grain bins, entered into a written installment sale agreement entitled "purchase agreement" apparently in January or February of 1969 with Donald R. Beeson, defendants' son, to sell him a "30' x 19' Meeker deluxe drying bin" with installment payments to be made on the first day of July for 5 years. The agreement apparently also provided that the method of payment could be by lease. Although the agreement further provided that it was subject to cancellation until February 15, 1969, there is no indication in writing that either party to the contract cancelled the contract under this provision.

On March 3, 1969, plaintiff and Donald Beeson executed a second document entitled "lease agreement" which stated that "Lessor [plaintiff] does hereby lease to the Lessee [Donald Beeson], the personal property described below: One (1) 24' x 19' Meeker's Deluxe Drying Bin" for a period of five years. Under this second agreement, the total price was $4,660, also payable in five annual installments commencing on July 1, 1969. The "lease agreement" as introduced at trial contained an option to extend the lease for five years upon yearly payments of $78. It also contained a provision to allow Beeson to purchase the bin for $10 provided the installments had been paid; however, this provision had been crossed out by pencil. Beeson, however, contends that there were no lines drawn through this option to purchase clause upon the execution of the agreement and that the option to extend the lease provision had been left blank.

A 24' x 19' grain bin was then installed on defendants' property. It had a concrete foundation 25 feet in diameter and approximately 24 inches deep. The concrete floor was reinforced with wire and was apparently intended to be a permanent base for the bin.

In the spring of 1971, plaintiff obtained a judgment by confession against Donald Beeson and his wife, Sandra R. Beeson, after they had defaulted in their payments. The judgment, in the amount of $5,985, represented the $4,660 principal sum, $639 in interest, $781 in attorney's fees, less a $95 credit for the down payment, and was satisfied in full in May of 1978. Four months later, plaintiff initiated this present action to recover possession of the bin.

On appeal, defendants contend that the two agreements clearly constituted a sale rather than a lease of the grain bin to Donald Beeson and that the second document entitled "leasing agreement" was executed for the sole purpose of financing the transaction. Plaintiff, however, contends that the "purchase agreement" had been terminated and that the second document, the "leasing agreement," established only a lease of the bin. In support of his position, plaintiff argues that the second document was executed subsequent to and superseded the first; that the bin actually installed was 24' x 19' as set forth in the "leasing agreement" and not 30' x

19' as provided in the "purchase agreement." Defendants respond that the first document was never cancelled and must be construed in conjunction with the subsequent agreement; that although the two documents provided for different size bins, the parties to the contract had never discussed the installation of the larger bin; and that the recent cases of *Meeker v. Fowler* (1976), 35 Ill. App. 3d 313, 341 N.E.2d 412, and *Meeker v. Webner* (1977), 51 Ill. App. 3d 716, 366 N.E.2d 539, clearly demonstrate that the two documents respectively were an installment sales contract and a financing agreement.

■■ The *Fowler* and *Webner* decisions involved the same plaintiff as presently before the court, the identical "purchase" and "leasing" agreements, and the same issue of whether the transactions constituted an installment sale or a lease of a grain bin. We held that there was ample and sufficient evidence to support the trial courts' respective findings that the "lease agreements" constituted part of installment sales contracts. Although there are certain factual differences between the present controversy and the two previous *Meeker* decisions, we believe the trial court's finding that the transaction between plaintiff and the Beesons was likewise a sale rather than a lease is not against the manifest weight of the evidence.

As we stated in *Fowler* and *Webner*:

> " 'While a conditional sale contract is to be distinguished from a lease of the property, a contract in the form of a lease may constitute a contract of conditional sale, and in determining the character of an alleged lease of personal property the courts will disregard the mere form and the words and will endeavor to reach the substance of the agreement.' " (51 Ill. App. 3d 716, 720, 366 N.E.2d 539, 542, and 35 Ill. App. 3d 313, 319, 341 N.E.2d 412, 416, quoting from 32 Ill. L. & Prac. *Sales* §271 (1957).)

(See also *North & South Rolling Stock Co. v. O'Hara* (1898), 73 Ill. App. 691.) A review of the evidence established that the total payments under the "leasing agreement" totaled $4,660, which, according to plaintiff, was $660 more than the value of the grain bin at the time of the transaction. This fact strongly suggests that the parties to the agreement intended a sale of the item with a carrying charge or interest for the deferred payments. (*Meeker v. Webner*; *Arco Bag Co. v. Facings, Inc.* (1958), 18 Ill. App. 2d 110, 151 N.E.2d 438; *Keck v. Lambacher* (1922), 225 Ill. App. 213.) Furthermore, the placement of the bin on a massive reinforced concrete foundation is more indicative that a permanent rather than a temporary attachment was intended. (*Meeker v. Webner*.) Although there is some dispute over whether the option to purchase clause was stricken from the "lease agreement," even if we were to accept plaintiff's assertion that it was so stricken, this fact could also be interpreted as

evidence of a sale, as such a clause would be inconsistent and in conflict with the previous "purchase" agreement. *Meeker v. Fowler.*

■■ While we note that the "purchase" and "leasing" agreements were not executed simultaneously as in *Fowler* and *Webner*, it does not necessarily follow that the latter document constituted a novation or superseded the initial written agreement. The trial court could reasonably have determined that the two documents, executed proximately at the same time and relating to the same subject matter, could be read and construed as constituting a single transaction. (See *Kelsey v. Clausen* (1913), 257 Ill. 402, 100 N.E. 984.) This is especially true as the latter document neither expressly contradicted nor superseded the prior instrument and could be reasonably interpreted as supplementing and clarifying the prior agreement. In addition, even though the two documents referred to a different size grain bin, it was within the province of the trial court sitting as the trier of fact to accept defendants' contention that the parties to the agreement had never discussed the installation of the larger bin. There were numerous other disputed facts presented to the trial court raising questions of credibility, which facts were resolved against plaintiff. We thus conclude that there was ample evidence to support the trial court's determination that the parties to the agreement entered into an installment sales contract and not a lease. Accordingly, there was no error in the trial court refusing to issue a writ of replevin.

■■ ■ There was, however, error in awarding attorney's fees to defendants pursuant to section 41 of the Civil Practice Act. Under this section:

> "Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee * * *."

Defendants contend that the frequent litigation involving the same plaintiff and the same documents as in the present case (see *Meeker v. Fowler* and *Meeker v. Webner*) made him aware that he had no right to recover possession of the bin and that the transaction was a sale. Although we find many similarities between these previous cases and the present one, there were nevertheless substantial factual differences, such as the execution of the documents at different times and the references therein to different size grain bins, which presented an arguable basis for recovery. As the resolution of this controversy depended largely on questions of the credibility of the witnesses and other questions of fact, we cannot construe plaintiff's allegations as being made without reasonable cause. We therefore hold that the trial court improperly awarded attorney's fees to defendants under this section. In addition, we further note that as this appeal does not represent a needless extension of

a baseless lawsuit, we deny defendants' motion for attorney's fees on appeal. See *Manchester Insurance & Indemnity Co. v. Strom* (1970), 122 Ill. App. 2d 183, 258 N.E.2d 150.

In conclusion, there was ample evidence to support the trial court's finding that the transaction between plaintiff and Donald Beeson was a sale. Parenthetically, had we been compelled to conclude that this transaction constituted a lease as suggested by plaintiff, an argument could be made that the developing body of law dealing with unconscionable agreements could encompass the type of transaction presented in this case. (See Fort, *Understanding Unconscionability: Defining the Principle*, 9 Loy. Chi. L.J. 765 (1978).) Although the parties have not raised this issue, we believe that when payments, under a lease of an item such as a grain bin, disproportionately exceed the value of that item and the services provided by the lessor, serious questions concerning the conscionability of that agreement arise.

For the reasons stated, the judgment of the Circuit Court of Wayne County is affirmed in part and reversed in part. In addition, defendants' motion for attorney's fees on appeal is denied.

Affirmed in part; reversed in part.

JONES, P. J., and KUNCE, J., concur.