**Marjorie Hall, Plaintiff-Appellant, v. Benjamin
Kaplan, et al., Defendants-Appellees.**

**Gen. No. 52,055.**

First District, Fourth Division.

July 22, 1970.

Lawrence P. Hickey, of Chicago (William J. Harte, of counsel), for appellant.

Kralovec, Sweeney, Marquard & Scoby, of Chicago (George E. Sweeney and Edward V. Scoby, of counsel), for appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff seeks from defendants damages of $100,000 for injuries sustained in defendants' apartment building. Her amended complaint alleged, in essence, that defendants negligently permitted portions of the carpeting in common areaways to be and remain in a torn, worn and defective condition. Plaintiff also alleged generally that the common areaways were negligently and carelessly maintained and that they were not properly lighted, in violation of a city ordinance. Plaintiff advanced the theory, during the trial, that the alleged occurrence produced traumatic arthritis in her left hip. A jury verdict was returned in defendants' favor, and from judgment thereon plaintiff has appealed.

Regarding the factual occurrence, plaintiff testified that on Saturday, September 21, 1963, at approximately 5:00 p. m., she left her apartment in defendants' Granada Apartment Hotel to go to a nearby store. While walking down the corridor on the third floor, she caught the heel of her left shoe in a tear in the carpet. Her heel slid underneath all the way to the floor. Although she didn't fall down, her leg slipped out from under her body, and she lurched backward and forward until she could balance herself against the wall. She took her foot out of the shoe and pulled the shoe up from the carpet. At this point, she noticed the tear in the carpet. Plaintiff, continuing to the store, did not notice "anything unusual" until 7:30 that evening, when she felt "sort of stiff." She testified that she stayed home Saturday and then told a woman at the hotel desk on Sunday evening about the injury. She first saw a doctor about it on Monday. Since the accident, she has suffered great pain in her left hip, which resulted in hospitalization for over four months and consequent loss of much work. Plaintiff testified further that she did not leave her apart-

ment on Friday night, September 20, and denied that she was intoxicated at any time during that evening.

Plaintiff's next-door neighbor, Clarence Hvorka, testified that plaintiff pointed out to him a four-to-six-inch tear in the carpet "a couple of days after the occurrence." He had walked through that corridor "a great many times each week," but had not previously noticed the torn carpet. He also said that the lighting in the hallway was very poor. An electrical engineer, called as an expert witness, testified concerning certain tests made to determine light intensity in the hallway.

Defendants' witnesses included the hotel manager and the desk clerk. Ellen Jennings, the desk clerk, testified that on Friday, September 20, 1963, she was on duty in the hotel lobby. Saturday morning, between 3:00 and 4:00 a. m., plaintiff returned to the hotel. She noticed that plaintiff had difficulty in walking because she wobbled and stumbled. A man was assisting her and it appeared plaintiff couldn't walk without his aid. Plaintiff stopped at the desk and put an alcoholic drink she had been carrying onto the counter. The witness asked her to remove it, but plaintiff left it there. When plaintiff talked, the witness could hardly recognize what she was saying.

The hotel manager, Wayne Rawlings, testified that he inspects the hotel carpets daily and that immediate repair work is done if the carpet is torn or in any way defective. The carpet that plaintiff complained of was repaired the next day.

A great part of the proceedings, which lasted seven trial days, was devoted to the presentation of medical testimony by both parties. Three physicians testified on plaintiff's behalf and, in essence, expressed the opinion that, based upon plaintiff's medical history, there was a causal connection between the alleged occurrence and the arthritic condition in plaintiff's left hip. Defendants presented five physicians who testified that they

previously had treated plaintiff. Each related prior diagnoses of plaintiff's condition, including instances of hip strain and arthritic condition in various joints. One physician testified that findings from an examination of plaintiff subsequent to the occurrence revealed no arthritis in the left hip. Another physician testified, hypothetically, that the alleged occurrence would be inadequate to produce traumatic arthritis, as alleged by plaintiff.

In this court, plaintiff contends, initially, that evidence introduced by defendants relating to her intoxication and the stumbling episode some thirteen hours before the occurrence, was irrelevant and unfairly prejudiced plaintiff in the eyes of the jury. Defense counsel, in his opening statement, twice made anticipatory reference to this testimony which he expected would show plaintiff's condition of early Saturday morning as a "state of intoxication" and "a state of complete intoxication." In actual testimony, however, it was plaintiff who first referred to that period of time when, on direct examination, she denied leaving her apartment on Friday evening and also denied being intoxicated. In contradiction, the desk clerk testified for the defense that early Saturday morning she had observed plaintiff with an alcoholic beverage, wobbling and stumbling and able to walk only with her companion's assistance.

Thus, plaintiff initiated the introduction of evidence concerning events of the evening prior to the alleged injury. This opened the door for defendants to offer rebuttal evidence on the same topic, and plaintiff cannot now complain that the evidence was inadmissible. See Cleary, Handbook of Illinois Evidence, § 7.3, p 102; Supolski v. Ferguson & Lange Foundry Co., 272 Ill 82, 89, 111 NE 544; Jones v. Sanitary Dist. of Chicago, 265 Ill 98, 102, 106 NE 473. Plaintiff's assertion that defense counsel's opening statement compelled her testimony about the prior evening's activities is without

merit, since an opening statement is not to be considered as evidence, and the jury was so instructed.

Further, plaintiff's assertions that the evidence was irrelevant and immaterial are not supported by the record. "Relevancy is a tendency to render a proposition in issue more or less probable, in the light of logic, experience, and accepted assumptions concerning human behaviour," and "materiality is determined by the substantive law, within the framework of the pleadings." Cleary, Handbook of Illinois Evidence, § 12.1, p 206, and see cases there cited. Plaintiff's claim is predicated on her own theory and proof of causation—that the stumbling incident she testified to could have resulted in the injuries alleged. Defendants' theory was that such a conclusion was medically unwarranted. Nevertheless, to meet the evidence under plaintiff's own theory, defendants sought to introduce evidence of plaintiff's activities the night before, thereby attempting to demonstrate the possibility that the injury could have been caused by other similar incidents of stumbling. We believe that the evidence of stumbling in the hotel lobby was sufficiently related to the occurrence as testified to by plaintiff, and was therefore admissible. Plaintiff's movements in each instance were substantially similar and they happened within a reasonably short time span. See Wigmore on Evidence, Vol II, § 442.

■ The jury was presented with two factual theories to explain the injury. It was also presented with a question of credibility of the witnesses, since plaintiff attempted to establish her exclusive causal theory through medical testimony, and defendants sought to disprove it through their contrary medical testimony. We conclude that the questioned evidence was relevant and pertinent to these issues.

Plaintiff also contends that defense counsel prejudiced her by adducing, at trial, evidence of plaintiff's various residences from one to three years prior to the accident.

341

■

After both sides rested, plaintiff moved for a mistrial, urging that evidence of her residences was a device to suggest that she was a person of immoral or unstable character. The trial judge denied the motion but instructed the jury that the evidence complained of was immaterial to the issues involved in the case and that they should draw no inference from that evidence.

In answer to an interrogatory at her discovery deposition, plaintiff had listed three addresses, including one on West Pratt Boulevard, as her residences during the five-year period prior to September 21, 1963. In answer to another interrogatory, plaintiff had listed hospitals where she had been treated or examined during that period. Plaintiff omitted any mention of Illinois Masonic Hospital where, defendants had learned through their investigation, she had been a patient on four occasions, each time listing West Pratt as her address. On direct examination, plaintiff mentioned two of the prior residences, but omitted West Pratt. On cross-examination, plaintiff first revealed two additional addresses, and objection was made to the line of questioning. Defense counsel explained, out of the jury's presence, that his purpose was to show that the Marjorie Hall who lived on West Pratt was the same person whose name appeared on records of confinement at Illinois Masonic Hospital. The objection was overruled and defense counsel elicited another address before West Pratt was mentioned. The hospital records were introduced after yet another residence had been revealed. On redirect examination, plaintiff's counsel pursued still further the topic of plaintiff's residences, and, on recross, defense counsel did likewise. His last examination was over objection and concerned an address that had already been mentioned and one that previously had been omitted.

■ We believe that, under all of these circumstances, the prejudice to plaintiff, if any, which was occasioned

by defense counsel's line of questioning, is not enough to warrant reversal. Much of the evidence with regard to plaintiff's residences was properly before the jury, as defense counsel was laying a foundation for the introduction of appropriate documents. Thus, only the last three residences and the related discussions concerning them were improperly in evidence because not subsequently connected to the issues of the case. We find that the trial judge's instruction to strike the evidence was sufficient to alleviate the prejudice and preserve a fair trial. In denying plaintiff's motion for a new trial, the judge also expressed his opinion that prejudicial error did not exist in the trial as a whole, which is the proper test to be applied. Our review of the 800-page record leads us to the same conclusion— that the evidence concerning plaintiff's residences was of minor significance in a lengthy trial which included complicated medical testimony from 10 doctors among the 17 witnesses whose testimony was presented to the jury. In our opinion, plaintiff received a fair trial.

The judgment is affirmed.

Affirmed.

STAMOS, P. J. and DRUCKER, J., concur.