PEDRO ORTIZ *et al.*, Plaintiffs-Appellees, *v.* WARREN CHEVROLET, INC., Defendant-Appellant.

(No. 73-147; )

Third District—December 4, 1974.

200

Wendel R. Swan, of Moline, for appellant.

Durwood Long, Sr., of Long & Schrager, Assoc., of East Moline, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

Pedro Ortiz and David J. Ortiz brought suit against Warren Chevrolet, Inc., for damage done to their car by vandals during the night while it was parked on the defendant's lot after being repaired by the defendant. Darrell Robinson likewise brought suit against Warren Chevolet, Inc., for damage done to his car by vandals that same night while it was parked on the lot after being repaired. The two suits were consolidated. A bench trial took place, and judgment was rendered by the Circuit Court of Rock Island, Illinois, in favor of the three plaintiffs. The defendant has appealed, claiming that the trial court erred in admitting testimony as to the practices of certain other car dealers and that its judgment was against the manifest weight of the evidence.

At the trial the plaintiffs testified that they had brought their cars to the defendant for repairs, that the cars were then in good condition, that the cars were in a damaged condition the morning after the vandalism, and that the plaintiffs had paid the defendant its charges for repairing the damage caused by the vandals. The plaintiffs then rested.

The defendant offered testimony that its service department was open until midnight each week night; that at midnight the custodian came to work for 4 or 5 hours; that a merchant policeman with a dog checked the premises occasionally each night; that, in addition, the East Moline police cruised by on the adjoining highway in their regular patrols; that it had been in its present location on the outskirts of East Moline for approximately 2 years; that it had been bothered with vandalism there, but less than in its previous location in downtown East Moline; that merchant police had caught vandals at the new location on two occasions; that its premises are not enclosed with a fence but were illuminated by seven light standards and two mushroom lights in front of its building; that Reynolds Motor Co. across the street had a fence enclosing its parking lot, but it had not enclosed its own parking lot with a fence because General Motors did not require it and because of the greater expense of enclosing its larger lot; that the plaintiffs' cars were locked and the keys were kept inside the building; that its own cars were stored in the same manner and place as its customers' cars; and that it was not the custom of Quad-City automobile dealers to keep their customers' cars inside a building or a fenced lot at night. The defendant then rested.

Thereafter, the plaintiffs called Bob Cain and Tom Tague to testify. Cain testified that he was the service manager for Reynolds Motor Co., which was located across the highway from the defendant; that Reynolds Motor Co. had an illuminated parking lot which was enclosed with an 8-foot metal fence with barbed wire at the top; and that Reynolds Motor Co. kept its customers' cars inside its building or its fenced lot. Tague testified that he was the owner of Tom Tague Dodge, Inc., a dealership in downtown Moline; that he was familiar with the practices of his own agency to protect against vandalism to customers' cars, and with the practices of Hacker Oldsmobile, also in downtown Moline, where he had previously worked; and that practice of both was to put customers' cars indoors when left overnight, to protect them from vandalism.

The defendant maintains that the testimony as to the practices of three other car dealers should not have been admitted because it was not sufficient to establish the existence of a general custom of parking customers' cars inside garages or fenced lots.

▮▮▮ The Illinois Supreme Court has pointed out that in negligence cases the defendant's duty is to conform to the legal standard of reasonable conduct in the light of the apparent risk; that a custom either to take or to omit a precaution is admissible as bearing on what is proper conduct under the circumstances, though it is not conclusive; and that custom is relevant because it shows what is feasible and suggests what the defendant should know. (*Darling v. Charleston Community Memo-*

*rial Hospital,* 33 Ill.2d 326, 331.) The defendant initiated the introduction of evidence concerning what was customarily done with customers' cars by Quad-City automobile dealers, and this allowed the plaintiffs to offer rebuttal evidence on the same topic. (*Hall v. Kaplan,* 127 Ill. App.2d 336, 240.) Furthermore, it is established that evidence showing that a better method is available for use in connection with the operation in question is admissible in negligence cases for the same purpose and on the same theory as evidence of custom. (Cleary, Handbook of Illinois Evidence § 12.17 (2d ed. 1963); Hunter, Trial Handbook for Illinois Lawyers § 75.8 (4th ed. 1972).) Whether the testimony of witnesses Cain and Tague be considered as rebuttal evidence on the issue of what was customary practice in the vicinity of defendant's place of business or as evidence of better methods in use to protect customers' cars from vandalism, we cannot say that the trial court was in error in admitting it. *Dickeson v. Baltimore & Ohio Chicago Terminal R.R. Co.,* 73 Ill.App. 2d 5, 29-30.

The defendant also maintains that the judgment was against the manifest weight of the evidence, arguing that the evidence showed it had exercised reasonable care in taking protective measures to prevent vandalism to its own cars and those of its customers, and no negligence on its part was established.

■■■ The defendant is correct in pointing out that the presumption of negligence which arises on proof of delivery of property to a bailee in good condition and its redelivery in damaged condition merely shifts the burden of going forward with the evidence, and disappears upon the production of any evidence of the bailee's having exercised due care. (*Clark v. Fields,* 37 Ill.2d 583, 586.) The defendant correctly observes, further, that a bailee for hire is not an insurer of the bailed property (*Lathrop v. Goodyear Tire & Rubber Co. Inc.,* 325 Ill.App. 281, 289), although obligated to exercise reasonable care under the circumstances. (*Watson v. Byerly Aviation, Inc.,* 7 Ill.App.3d 662, 670.) However, whether a bailee has met the burden of showing that damage to the bailed property occurred without the bailee's fault is ordinarily a question of fact for the trier of fact. (*Bielunski v. Tousignant,* 17 Ill.App.2d 359, 363-64.) In view of the circumstances of vandalism's being evidently a constant problem and a matter of serious concern in the vicinity of the defendant's place of business, the value and tempting nature of the cars which were in the possession of the defendant as bailee, the extent of the damage which the vandals were able in this case to do without detection, the lessened precautions which in fact were taken toward the end of the night, and the obvious availability of alternative ways or protection, we cannot say that the trial court was plainly in error

in finding against the defendant on the question of due care, or that its decision in favor of the plaintiffs was against the manifest weight of the evidence.

For the reasons stated, the judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY and STOUDER, JJ., concur.